CASE 56—PETITION ORDINARY—JAN. 12.

## Alsop v. Central Trust Co. of Owensboro.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. NON-TRADING PARTNERSHIP—NECESSARY ALLEGATIONS IN ACTION AGAINST.—In an action upon a written obligation, signed in the firm name by one of the partners .of a non-trading partnership, the plaintiff must allege affirmatively the nature of the partner-ship, that the obligation was executed for something necessary for the transaction of the business of the firm, or 'that said part-ner was expressly authorized to make the contract by the terms of the partnership.

2. PRACTICE—ELECTION.—When two paragraphs in a petition tend to set out only one cause of action, and the petition shows on its face that the several paragraphs relate to the same cause of action, the plaintiff should be required to elect to prosecute one, and the other should be stricken out.

REUBEN A. MILLER AND LITTLE & LITTLE FOR APPELLANT.

1. When the petition shows that the several paragraphs relate to the same cause of action, the plaintiff should be required to elect to prosecute one of the paragraphs, and the others should be stricken out, unless he shall allege that the statements in one or the other of the paragraphs is true, but he does not know which. (Turn-pike Co. v. Maupin, 79 Ky., 102.)

2. The nature of the partnership is not disclosed by the pleadings. If it was a non-commercial partnership, the plaintiff should allege affirmatively that the partner was authorized to make the con-tract in question. (Judge v. Braswell, 13 Bush, 75; Dickinson v. Vaepy, 10 B. & C., 128; Levy v. Pyne & Richards, 41 E. C. L., 249; Smith v. Sloan, 37 Wis., 289.)

J. D. ATCHISON FOR APPELLEE.

1. The answer in effect confesses the existence of the partnership, and the right of Griswold to sign the firm name to the contract for

rooms to be occupied by the firm and used in the conduct of its business, follows as a matter of law.

2. Notice of his withdrawal from the partnership did not release appellant from the contract previously entered into while he was a member of the firm.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT:

This action was instituted in the Daviess Circuit Court by the Central Trust Company of Owensboro, Ky., against George Griswold and J. N. Alsop, doing business in the firm name of Griswold & Alsop, upon a written contract for the rent of two rooms in the building of the trust company in Owensboro. The contract was signed by the Central Trust Company of Owensboro, Ky., by J. D. Atchison, president, and in the firm name of Griswold & Alsop, by G. Griswold. The cause of action is set out in two paragraphs. The first paragraph is in the following language:

"1st. The plaintiff, the Central Trust Company of Owensboro, Ky., states that it is a corporation, duly created, organized and existing by and under the laws of the State of Kentucky, and especially by and under the provisions of an act of the General Assembly of the Commonwealth of Kentucky, which became a law March 28, 1890, and that it was vested with the right to make contracts, sue and be sued, etc.; and the plaintiff further says that on the 22d day of December, 1892, the defendants, George Griswold and J. N. Alsop, partners, doing business in the firm name of Griswold & Alsop, signed and delivered to this plaintiff a certain written contract, whereby and wherein the said defendants rented and leased from this plaintiff for a

period of one year, from December 22, 1892, to December 22, 1893, two certain rooms, being rooms situate on the second floor of the south side front, and next adjacent thereto, in its building at the corner of Frederica and Fourth streets, in the city of Owensboro, Ky. The said defendants agreed and promised to pay to plaintiff, for rent of said rooms, the sum of two hundred ($200) dollars, to be paid in quarterly installments of fifty ($50) dollars each. The defendants used and occupied said rooms during all of said year, and never paid plaintiff any part of said rent except thirty ($30) dollars, paid June 26, 1893, and sixteen ($16) dollars, paid June 28, 1893, which credits are endorsed on the margin of said contract, which is filed herewith as part hereof. Plaintiff says said rent was to be paid in four quarterly installments of fifty ($50) dollars each, the first of which was due and payable on the 22d day of March, 1893, and the second on the 22d of June, 1893, the third on September 22, 1893, and the fourth on the 22d of December, 1893, and it says that it is entitled to recover of defendants' interest on each of said installments from the time of their respective due dates, subject to the credits hereinbefore mentioned."

The second paragraph of said petition was as follows: "The plaintiff, the Central Trust Company of Owensboro, Ky., says that the defendants, George Griswold and J. N. Alsop, doing business in the said firm name of Griswold & Alsop, entered into a contract with the plaintiff, whereby and wherein they agreed to pay to said plaintiff the said sum of two

hundred (200) dollars for the rent of two rooms, as set out in paragraph No. 1; and plaintiff further states that defendants used and occupied said rooms from the 22d day of December, 1892, until the 22d day of December, 1893, and that a reasonable rental for the use of said rooms was two hundred ($200) dollars, and that by reason of the use and occupation of said rooms the said defendants, and each of them, became indebted and are indebted to the plaintiff in the sum of two hundred ($200) dollars, no part of which has ever been paid, except thirty dollars paid June 26, 1893, and sixteen dollars paid June 28, 1893."

The written contract referred to in the first paragraph of the petition is filed herewith as part hereof, and said defendants agreed and promised to pay the sum of money aforesaid for the use and occupation of said rooms, closing with a prayer for a judgment for the balance due on obligation against George Griswold and J. N. Alsop.

The defendant, J. N. Alsop, entered a general demurrer to the first paragraph of plaintiff's petition for the reason that same did not state facts sufficient to support a cause of action against him, and defendant at the same time moved the court to require the plaintiff to elect which of the two causes of action set out in the two separate paragraphs of his petition he would prosecute, and also filed answer.

Upon consideration of the demurrer to the first paragraph of the petition the court overruled same, to which ruling of the court the defendant, Alsop, at the

time excepted and now excepts.   The court also over-
ruled the motion made by Alsop to require plaintiff to
elect which of the two causes of action set out in the
two separate paragraphs he would prosecute, to which
ruling of the court the defendant, Alsop, excepted, and
appealed to this court.

We will first consider the questions raised by the
demurrer to the first paragraph of the petition.   Part-
nerships, when considered with reference to the busi-
ness in which they are engaged, may generally be di-
vided into two classes, one of which is known as  trad-
ing or commercial  partnerships, and the other as  non-
trading or noncommercial partnerships. Any member of
an ordinary trading partnership can bind the firm by
the signing of the firm name in the usual course of busi-
ness as a part of the usual routine of their affairs irre-
spective of restrictions in the articles of partnership
not brought to the knowledge of the payee.

In a nontrading partnership, however—that is, a
partnership engaged in some occupation which is not
of a commercial character—a partner does not gener-
ally possess the power to bind the firm, and the extent
of his powers is not fixed by the rules of law.   The
general rule is that the partners in such a firm have
no implied power to bind the partnership, but each
case is left to be decided upon its particular facts, and
one who seeks to hold the firm bound upon a contract
made by a single member must be able to show such
acts as will warrant the conclusion that the partner

had been invested by his copartner with the requisite authority to make the contract.

The distinction, as set out by Judge Cofer in the case of Judge v. Braswell, 13 Bush, 75, is that in a commercial partnership the extent of a partner's power to bind the firm is a question of law, while in the noncommercial firm the power of one partner to bind his copartner is a question of fact, and the burden of proof to establish the facts as to the validity of contracts so executed by one member of such a partnership rests with the party claiming to hold the firm liable; therefore, it follows that, in order to recover upon a written obligation, signed in the firm name by one of the partners of a nontrading partnership, it is necessary for the plaintiff to allege affirmatively the nature of the partnership; that the obligation was executed for something necessary for the transaction of the business of the firm, or that said partner was expressly authorized to make the contract by the terms of the partnership.

In the case at bar plaintiff's petition fails to make any of these necessary allegations. We are, therefore, of the opinion that the demurrer to this paragraph should be sustained, with leave to plaintiff to amend same to conform to the views of the court herein indicated.

The court is of the opinion that the second paragraph of said petition does not set out any separate or distinct cause of action different from that sought to be set out in the first paragraph. The two paragraphs in reality only tend to set out one cause of action, but

as they plainly relate to the same contract, and in fact they both expressly so allege, the only difference between them is there is some amplification of the evidence alleged in the second which was not in the first.

When a petition shows on its face that several paragraphs relate to the same cause of action the plaintiff should be required to elect to prosecute one, and the other should be stricken out. In this case the motion to require plaintiff to elect which paragraph he would prosecute should have been sustained.

In view of the rulings of the court upon the questions raised by the demurrer of defendant, and upon his motion to require plaintiff to elect which paragraph he will prosecute, it will be unnecessary to pass upon the questions raised as to the sufficiency of defendant's answer.

For the reasons indicated herein the judgment of the lower court in favor of plaintiff against defendant on the contract sued on is reversed and this cause is remanded, with instructions to allow the plaintiffs to amend their petition, if they so desire, in accordance with the views herein expressed, and that the case may then proceed in accordance with the rights of the parties.