## L. A. and Z. C. Graham v. Swann.

(Decided May 29, 1912.)

### Appeal from Calloway Circuit Court.

1. **Partnership—Equitable Action for Accounting of Profits—Finding of Chancellor.**—In an equitable action seeking an accounting of partnership profits, evidence examined and held that while it is far from being satisfactory, the finding of the chancellor in favor of appellee will not be disturbed.

2. **Partnership—Inadmissibility of Evidence.**—Appellee's declarations as to the partnership were incompetent as against his alleged partners to establish any liability against them, but there was no objection to such testimony, and it is not subject to review.

SPEIGHT, DEAN & ACRES for appellants.

THOS. P. COOK, COOK & THOMPSON for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

M. B. Swann brought this equitable action below against T. P. Farmer and L. A. and Z. C. Graham. He charged that he was a member of the partnership of T. P. Farmer & Company, tobacco buyers; that of the profits Farmer was to get one-third, L. A. Graham one-third, and Z. C. Graham one-third; that by an arrangement made with the Grahams he, Swann, was to get one-third of their two-thirds, or two-ninths of the profits. He prayed judgment only against the Grahams; and upon submission the court gave judgment accordingly for $2,301.50. The Grahams appeal.

The testimony as to the nature of the relation is voluminous, unsatisfactory and conflicting in the essential elements. Perhaps the most noteworthy circumstances tending to sustain Swann is that neither of the Grahams nor Farmer explained why or under what arrangement Swann bought tobacco for the firm throughout the season, received it at the warehouse, drew money on account and was actively engaged in the conduct of the business of the firm. So far as their testimony explains, he was an interloper in all this work; though they say that after much of the work had been done it was agreed between them, in the absence of Swann and without any understanding by him, that he should be allowed $75 per month. The evidence discloses that Swann was an experienced tobacco buyer of good reputation. It seems

unreasonable that he should have gone to work without any arrangement; and there is a good deal of testimony of admissions by the Grahams to the effect that he was to have one-third of their two-thirds. This accords with Swann's testimony; and since there is no other explanation offered of his connection with the business, we cannot disturb the chancellor's view of the facts. In addition, Z. C. Graham testifies that he made Swann such a proposition, but that it was rejected by Swann; though he admits that shortly following the proposition Swann went to work, and his work was regularly received.

It is urged that no testimony is given showing that L. A. Graham ever agreed to the arrangement. There is testimony, somewhat unsatisfactory in nature, showing that he understood and ratified the arrangement made by Z. C. Graham. There is enough of proof of this fact to sustain the chancellor.

It is urged as well that the arrangement made whereby Swann for his labor was to have one-third of the profits made by the Grahams, was at best a sub-partnership, which did not make him a partner in the firm of T. P. Farmer & Company. This point is well taken. O'Connor v. Sherley, et al., 107 Ky., 70. But whether Swann was a member of any firm with Farmer seems to be largely immaterial. He produced sufficient proof before the chancellor to justify the finding that he was to receive one-third of the profits made by the Grahams; and this the chancellor adjudged to him against the Grahams. It is of no consequence that it be called a partnership, since the pleadings fully advised the Grahams from the beginning as to the details of the claim asserted against them.

Appellants are right in their position that the existence or non-existence of a partnership cannot be proven by reputation; but no proof was offered in the record of this character. They are likewise right in their view that Swann's own declarations that he was a partner, as well as any acts of his in holding himself out as a partner, were incompetent as against his alleged partners to establish any liability against them; but there was no objection to the testimony of this character, and it, therefore, is not subject to review.

Nor was there any failure of proof or departure in the proof in the sense that the plaintiff alleged one case and proved another. From the beginning his effort was

to recover upon an oral contract one-third of the two-thirds of the profits earned by the Grahams in the venture. The cause of action set up by the sundry amendments was always the same cause of action, supported alone by the one and the same oral contract set up at the beginning of the action. The original petition apprised the defendants of the precise nature of this claim; and the proof went to support it and none other. Under this state of fact it cannot be claimed that the amendments set up any new or distinct cause of action, or that the proof supported a contract different from that alleged.

The whole record discloses a loose and careless business arrangement, of which the proof is far from satisfactory or convincing; but the chancellor's judgment cannot be disturbed.

It is affirmed.