## Howard et al. v. Gray's Warehouses, Incorporated, et al.

(Decided January 26, 1932.)

M. HARGETT and CLAY & HOGGE for appellants.

B. S. GRANNIS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

This suit was brought by the appellee Gray's Warehouses, Incorporated, against the appellants P. S. Howard and Boone Howard, and their coappellee, D. C. Owens, and Levi Blackburn, as partners to recover $9,-340.42, being the difference between sums of money advanced by the plaintiff for the purchase of tobacco and the net proceeds of its sale. Owens and Blackburn made no defense, and judgment against them went by default. The jury returned a verdict against both of the other defendants for the full amount, and they appeal from the judgment entered thereon. Blackburn died a few days after the trial, and the case was revived against his administratrix, who, with Owens, are made appellees herein.

The appellants claim that they were entitled to a directed verdict upon the ground that there was no proof of any partnership between either of them and their codefendants, and no legal liability for the loss sustained was established. The sufficiency of the petition is questioned, and the competency of evidence and propriety of the instructions are also denied.

The allegations of the petition are that the plaintiff was engaged in the business of operating tobacco warehouses in Maysville and selling tobacco on commission; that the four defendants were partners engaged in buying and selling tobacco as speculators; that it agreed to finance their purchase of tobacco in Rowan and Morgan counties during the 1929-30 season in consideration of having same shipped to and sold by it on commission; that the defendants were to receive whatever profit was made, or reimburse plaintiff for whatever loss might be sustained. It is charged that there was handled for the

partnership an aggregate of 115,455 pounds of tobacco, for the purchase of which the Warehouses had paid at the request of the partnership $31,630.78, and which it had sold for $22,290.36 net, with a resulting loss of $9,340.42, which the partnership and its members undertook and promised to pay, but had refused and failed to do so. By separate answers, the Howards denied there was ever any such partnership as alleged, and that they were associated with Owens or Blackburn in the purchase or sale of tobacco. They denied any authority in either of those men to make any contract or agreement for them, or to bind them in any way.

We may first notice the point that the petition was demurrable because it did not allege the character of partnership charged; the argument being that failing to state that there was a general partnership of the defendants, the petition should have stated that there was a limited partnership, with the Howards operating as silent partners, and with a responsibility limited by section 3767 et seq., Ky. Stats. The point is not tenable. Those provisions of the statute are for the benefit of one sustaining the specific relationship, and the limitations of liability are matters of defense. The allegation that a partnership existed between the defendants appears to have been regarded at all times as being sufficient, when accompanied, as here, with averments of facts showing a trading or commercial partnership, 47 C. J. 985; Alsop v. Central Trust Co., 100 Ky. 375, 38 S. W. 510, 18 Ky. Law Rep. 830.

Since the judgment must be reversed on another ground, it would seem sufficient to say that the evidence was conflicting as to essential elements; that of plaintiff tended to prove that a partnership existed between the four men in this particular adventure, with accompanying responsibility, while that introduced by the defendants tended to show that negotiations looking to the formation of such a partnership were never completed and that the relation never existed; that as to Boone Howard, his association with Owens and Blackburn was that of a buyer working on commission, and as to P. S. Howard that he sustained no relation other than accommodating and dealing with them. We are of the opinion from a full consideration of the evidence, as measured by the conceptions briefly stated in Stewart v. Stovall, 191 Ky. 508, 230 S. W. 929, that it was sufficient to au-

thorize a submission of that issue to the jury. See, also, Jewell v. Janes, 238 Ky. 63, 36 S. W. (2d) 875, for a suit of a similar nature.

It is claimed by the appellants that the evidence of Owens and Blackburn who made friendly witnesses for the plaintiff with reference to the existence of a partnership with the two Howards was incompetent under the rule that agency or partnership cannot be proved by statements or representations of one claiming that authority or relation to another. Arkenburg v. Bonnie, 30 S. W. 965, 17 Ky. Law Rep. 225; Mathis v. Bank of Taylorsville, 136 Ky. 634, 124 S. W. 876; Graham v. Swann, 148 Ky. 608, 147 S. W. 11. The evidence does not come within that classification. It was not testimony as to outside declarations or representations of the self-asserting partners. It was testimony given by them in court as to what had transpired between the parties tending to prove that such a relation did arise from those facts, and the evidence was therefore competent. Jewell v. Janes, supra.

The instructions properly submitted the issue as to a partnership. But the jury was permitted to find for the plaintiff if it believed from the evidence that the money for the purchase of the tobacco was furnished at the special instance and request of P. S. Howard and Boone Howard, or either of them, or that it was furnished upon their representations that they would make good any losses on the tobacco which the plaintiff might sustain. The giving of this instruction was error, since the cause of action was wholly predicated upon a partnership liability. Not only was that theory alone set up in the petition, but we have not been able to discover any evidence that either of the Howards ever requested that the credit be extended them individually, or ever represented that in any capacity other than as associates in the partnership adventure they would make good any losses sustained by the warehouse. The evidence was that the representations to the secretary of Gray's Warehouses, who had brought the four men constructively together, were that the appellants wanted partners who could share equally any loss that might be sustained—that feature or possibility rather peculiarly being emphasized by the witnesses for the plaintiff with very little said about the possibility of profits. Even Owens and Blackburn confined their testimony to showing a joint

adventure and liability. It is, of course, elementary that an instruction is never warranted without both pleading and proof back of it.

The judgment is accordingly reversed.