# Howard et al. v. Gray's Warehouse, Inc.

(Decided Jan. 19, 1934.)

CLAY & HOGGE, M. HARGETT and M. C. REDWINE for appellants.

B. S. GRANNIS for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Affirming.

The facts of this case are stated in the opinion on the former appeal. See Howard v. Gray's Warehouses, Incorporated, 242 Ky. 501, 46 S. W. (2d) 787, 788. On the return of the case to the circuit court it was tried again, and there was a like verdict for the plaintiff. The defendants again appeal. It is earnestly insisted that on the evidence the court should have instructed the jury peremptorily to find for the defendants. The evidence on the second trial is substantially as on the first trial. In the former opinion on this question the court said:

"Since the judgment must be reversed on another ground, it would seem sufficient to say that the evidence was conflicting as to essential elements; that of the plaintiff tended to prove that a partnership existed between the four men in this particular adventure, with accompanying responsibility, while that introduced by the defendants tended to show that negotiations looking to the formation of such a partnership were never completed and that the relation never existed; that as to Boone Howard, his association with Owens and

Blackburn was that of a buyer working on commission, and as to P. S. Howard that he sustained no relation other than accommodating and dealing with them. We are of the opinion from a full consideration of the evidence, as measured by the conceptions briefly stated in Stewart v. Stovall, 191 Ky. 508, 230 S. W. 929, that it was sufficient to authorize a submission of that issue to the jury. See, also, Jewell v. Janes, 238 Ky. 63, 64, 36 S. W. (2d) 875, for a suit of a similar nature.''

That opinion is the law of the case, and the defendant's motion for a peremptory instruction was properly overruled.

At the conclusion of the evidence for the plaintiff on the last trial, the defendants tendered amended answers. The court refused to allow the amended answers filed. At the conclusion of all the evidence, the defendants again tendered the amended answers, and the court refused to allow them filed. This is complained of. By their original answers, the defendants had denied that any partnership existed. The amended answers simply undertook to set out the facts as to what the contract was between the defendants and with the plaintiff. The court allowed all the evidence to be given. The facts pleaded in the amended answers were simply evidential that no contract of partnership was made. There was no substantial denial of any right of the defendants in refusing to allow the amended answers to be filed; for all the facts could be shown under the issue raised by their original answer and were in fact admitted in evidence. In addition to this, no reason was shown why the amended answers were not tendered sooner. It is within the discretion of the court always to refuse to allow amendments to be filed on the trial which should have been filed before, if relied on, and this rule is especially applied where the amended answer simply sets up matter which is competent to be shown under the original answer. Clearly there was no violation of the defendants' substantial rights here.

There was no substantial error in the admission of evidence. The case turned on what took place between the parties when the arrangement between them was made and their conduct under it.

The defendants' main contention here is that the verdict is against the evidence and that a new trial

should be granted on this ground. But the well-settled rule of this court is not to disturb the verdict of a jury unless it is palpably against the evidence. The proof by the plaintiff as to the partnership was confirmed by the testimony of other witnesses and by the subsequent conduct of both the parties. The defense in its last analysis rested mainly upon the testimony of Boone Howard. But on the last trial the defendant introduced a letter sent at the time by Boone Howard to Owens and signed by him, which is strikingly inconsistent with his testimony on the trial. This letter, which is confirmed by his own conduct, as well as by the conduct of his brother Phillip Howard, greatly confirms the testimony of the plaintiffs as given on the former trial.

On the whole case, the court is unable to say that the verdict is palpably against the evidence. The case was fairly submitted to the jury by the instructions which the court gave, and the court finds no substantial error in the record.

Judgment affirmed.