## City of Harlan, Kentucky v. Howard.

(Decided December 1, 1925.)

### Appeal from Harlan Circuit Court.

1. Damages—Instruction Cataloguing Various Injuries and Pains Received as Result of Falling from Bridge Held Erroneous.—In action for injuries received when footbridge gave way, instruction cataloguing various injuries and pain testified to by plaintiff held erroneous as being better submitted by advising jury, if they should find for plaintiff, they would find such sum and damages as would fairly compensate her for any mental and physical suffering endured.

2. Damages—Action of Court in Refusing to Wait for Testimony of Physicians. Directed to Make Examination of Party Injured by Falling from Bridge Held Erroneous.—In action for injuries occasioned by giving way of footbridge, action of court in refusing to wait for or to have called physicians who had been directed to make examination of plaintiff on agreement of parties because of uncertain state of evidence as to extent of injuries held erroneous, especially since verdict for $2,500.00 was returned on evidence showing that plaintiff had suffered merely from shock, and had

no broken bones or abrasions, and had been attended by physician only very few times.

W. T. DAVIS and E. L. MORGAN for appellant.

HALL, JONES & LEE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

Appellee, Bertha Howard, sued appellant, city of Harlan, to recover from it damages for personal injuries received by her when a bridge fell, which it owned and maintained as a part of one of its streets or public passways. City of Harlan v. Parsons, reported in 202 Ky. 358, and 259 S. W. 717, was a case growing out of the same transaction. The opinion in that case was rendered prior to the trial hereof in the court below, and, as the legal questions arising therein are exactly the same as those arising herein, that opinion may be taken as the light to guide our feet in the pathway to a right conclusion herein. The facts of the transaction being set forth at length in the previous opinion need not be repeated here further than as may be necessary in considering the questions hereinafter determined.

Appellant's complain that instructions 1 and 2 given herein are erroneous is answered in the negative by the opinion in the Parsons case, *supra*. We find that instructions No. 1 and 2 conform in all essentials to the opinion of this court therein expressed.

Complaint is made of instruction No. 3, the instruction on the measure of damages. We think that instruction erroneous in that it catalogued the various injuries and pains appellee testified she received and suffered as a result of the falling of the bridge, thereby tending to magnify them and call them too prominently to the attention of the jury. The measure of damages could better have been submitted to the jury in an instruction which advised them that if they should find for plaintiff under instruction No. 1 they would find for her such sum in damages as would fairly compensate her for any mental and physical suffering which she had endured or was reasonably certain to endure which the jury might believe from the evidence were or would be the proximate result of her injuries caused by the falling of the bridge, not to exceed, however, in all the amount claimed in the petition.

It is insisted for appellant that the trial court erred in submitting the case to the jury without giving them reasonable opportunity to present all of their testimony. On that question the record discloses the following facts: Appellee introduced only one physician who testified as to the nature and extent of her injuries. It appears from his testimony, however, that he administered to her in a professional way only one time after she was injured and that within an hour or two thereafter. According to his testimony she was then suffering merely from the shock of the fall and had no broken bones, no abrasions or contusions, indicating that her injuries were of consequence or at all serious. Appellee testified for herself, and, while she testified to a condition of pain and suffering in which she has been almost continuously since she was injured by the falling of the bridge, her testimony disclosed that for some eight or nine years before that occurrence she had been a sufferer from some nervous ailment or derangement. Her testimony was uncertain and unsatisfactory as the basis for a conclusion that her pain and suffering were a result of the injury received by the falling of the bridge or whether they were merely the result of the same old nervous trouble she had had for many years prior to the fall. Another physician who administered professionally to appellee was introduced by appellant as a witness, but according to his testimony he treated appellant the night she was injured and the following day and did not see her thereafter. Consequently, his testimony, as that of the physician introduced by appellee, was uncertain and inconclusive on the question of the extent of injury, pain and suffering resulting to appellee from the fall. A brother of appellee, who is a physician, had visited her either the night she was injured or the following morning, but it appears that he called to see her no more in a professional capacity and he did not testify for her herein. Under that uncertain state of the evidence as to the extent of the injuries received by appellee as a result of the falling bridge, appellant closed its testimony as the court was about to adjourn for the noon hour. Motion was made by appellant to have appellee examined by physicians to ascertain the extent and nature of her injuries. Attorneys for appellee consented and the court appointed the two physicians who had testified, one for appellant and the other for appellee, with direction that they make the examination during the noon recess and report and be in a position to testify

upon the convening of court in the afternoon. Court was then adjourned to a fixed time. When the fixed time arrived and court reconvened the two physicians had not returned to the courtroom, and, over appellant's objection, the court declined to wait further or to permit them to be called, but immediately submitted the case to the jury under the instructions given. We appreciate the congested condition of this trial court's docket and commend all reasonable efforts to expedite the trial of cases. In view of the uncertainty and unsatisfactory condition of the evidence as to the extent of appellee's injuries received as a result of the falling bridge, we are constrained to the view that the trial court's summary submission of this case to the jury, without giving the parties a reasonable opportunity to call the two physicians and introduce their testimony on that question, was erroneous.

We are aided in so viewing the question by the size of the verdict returned by the jury herein. It appears that none of appellee's bones were broken and neither of the physicians who administered to her immediately after she received the injuries from their examination of her found cuts, abrasions or bruises upon her body. She then appeared to be suffering only from the shock of the fall. It appears that her condition was such that it was not deemed necessary to have a physician treat or administer to her after the day following the accident, and her own brother, a physician, called to see her only once. It does not appear from her testimony that from the date of the injury, September 4, 1921, until in May, 1924, when she testified, appellee had had occasion to resort to the services of a physician because of the injury. Such pain and suffering as from her testimony she appears to have endured and as was by her testimony attributed to the injuries received by her when the bridge fell, as described by her, may be as well attributed to the diseased condition of her nervous system of many years' standing. Regardless of those facts the jury returned a verdict in favor of appellee for $2,500.00.

We can not escape the conclusion that the verdict herein is excessive, and that the trial court's failure to give appellant a reasonable opportunity to produce the physicians who examined appellee while the trial was in progress and introduce their testimony on the chief question in issue was an abuse of discretion for which this case must be reversed.

For the foregoing reasons the judgment herein is reversed and this cause remanded, with direction that appellant be granted a new trial hereof, and for further proceedings consistent herewith.