## Provident Life and Accident Insurance Company v. Hancock.

(Decided April 23, 1926.)

Appeal from Floyd Circuit Court.

1.   Continuance—On Affidavits Showing Prejudice to Defendant, if Not Given Time to Investigate Plaintiff's Condition Between Time

of Filing of Original Petition and Time of Trial on Amended Petition, Continuance should have been Granted (Civil Code of Practice, Section 136).—In action on life and accident policy, where affidavits show that defendant could not try case at term without aid of its witnesses, and without time to investigate plaintiff's physical condition between filing original petition and trial on amended petition, without being seriously prejudiced, continuance should have been given, under Civil Code of Practice, section 136.

2. Insurance—Receipt in Full Settlement of Claims Under Policy, and Acceptance of Amount Stated, Prevents Recovery on Policy, Unless Receipt is Avoided.—Plaintiff, signing receipt in full settlement of all claims against insurer, for any illness or accidental injury, and accepting sum mentioned therein, cannot recover on policy, unless receipt is avoided.

W. P. MAYO for appellant.

JOE HOBSON and B. M. JAMES for appellee.

OPINION OF THE COURT BY JUDGE GOODPASTER—Reversing.

On the 5th day of July, 1923, the appellee, Luke Hancock, plaintiff below, filed a petition in the Floyd circuit court against appellant, the Provident Life and Accident Insurance Company of Chattanooga, Tennessee, defendant below, seeking to recover $337.50. In this petition appellee alleged that on the 17th day of May, 1922, the apppellant "wrote him an accidental insurance policy;" and then proceeds to allege the facts upon which he bases his right of recovery.

The appellant filed a demurrer to the petition, which should have been sustained but which was overruled in the court below.

On the 16th day of February, 1925, appellee filed an amended petition, which merely alleges the facts upon which he bases his right to recover, in addition to the amount claimed in his original petition, $855.00, making the total amount sued for, as set out in the petition and amended petition, $1,192.50.

The appellant filed a demurrer to the amended petition, which should have been sustained but which was overruled by the court below. Appellant then moved the court to continue the case on account of being taken by surprise at the filing of the amendment when the case had been called for trial, and filed three affidavits in support of his motion. The motion for continuance should

have been sustained but was overruled by the court below. Section 136 of the Civil Code reads as follows:

"If a party amend a pleading or proceeding and the court shall be satisfied by affidavit or otherwise that the adverse party can not be ready for trial in consequence thereof, a continuance may be granted to some day in the same term or to another term of court."

The appellant moved the court to continue the case for two days, which was overruled by the judge below.

The affidavits show conclusively that the appellant could not have tried its case at that term of court without the aid of its witnesses and without being given time to make investigation as to the appellee's physical condition between the time of the filing of the original petition and the time of calling the case for trial and, being forced into trial under those circumstances, seriously prejudiced its substantial rights.

On the 16th day of February, 1925, appellant filed an amended answer and answer to amended petition, the second paragraph of which reads as follows: "The defendant for further answer herein says that on or about September 15, 1922, the plaintiff, Luke Hancock, signed a receipt dated August 30, 1922, in full settlement of his claim against the Provident Life and Accident Insurance Company which is in words and figures as follows: 'Being in full settlement of all claims against this company under its policy No. 2,006,479 for any illness or accidental injury originating prior to date hereof.' " That the plaintiff made his claim for a period of total disability and that the claim has been paid and the receipt given in full of all claims and demands resulting from the injury, which is in words and figures as follows: "Received of the Provident Life and Accident Insurance Company of Chattanooga, Tennessee, the sum named on the face of this check in full and final settlement of all claims against said company on account of any illness or accidental injury or the effects of either sustained by me before the date hereof. (Signed) Luke Hancock."

There was an order entered by which the amended petition was traversed of record.

A portion of the testimony of plaintiff, Luke Hancock, while under cross-examination is as follows:

"Q. Did he (Dr. Sturgill) make his report before he went away? A. I couldn't say.

"Q. Do you know when he did make his report? A. He made it about the 11th of August.

"Q. Who made out that claim? A. Dr. Sturgill.

"Q. You was present? A. Yes.

"Q. You made out that claim—Dr. Sturgill— and agreed to what he said about it, and you agreed there that four weeks and two days was sufficient compensation, didn't you, for that claim and you signed that application for four weeks and two days? A. Thirty days I believe is what the claim was for.

"Q. The company paid you in accordance with that claim filed? A. Paid me $38.00.

"Q. And you upon receipt of that $38.00 signed a receipt in full, didn't you, for this claim? A. For that thirty days.

"Q. I will ask you to read the endorsement on the back of the check to the jury, right here, this part of the receipt right here. A. (Reading) 'Received of the Provident Life and Accident Insurance Company of Chattanooga, Tennessee, the sum named on the face of this check in full and final settlement of all claims against said company on account of any illness or accidental injury or the effects of either sustained by me before the date hereof. (Signed) Luke Hancock. Elizabeth Stacy Sloan, witness. Credit: Lark Slone.'

"Q. You signed that, didn't you, Luke? A. That looks like my name.

"Q. Don't you know you signed it? A. I guess I did, yes.

"Q. After you signed this receipt they paid you $38.00, didn't they? A. Yes, sir.

"Attorney for defendant put said check in evidence, same being as follows, to-wit:

"Chattanooga. Tenn., Aug. 30, 1922.

"The Provident Life & Accident Insurance Co.
Of Chattanooga, Tennessee.
Claim No. 200428.

"When receipt on back hereof is duly executed in ink, pay to the order of Luke Hancock $38.00 thirty-eight dollars exactly, being in full settlement of all claims against this company under its policy

No. 2006479 for any illness or accidental injury, originating prior to date hereof.

To Hamilton National Bank,
    Chattanooga,Tenn.

"J. W. KIRKSEY,
        Asst. Treasurer.

"Endorsement:

"Receipt and Endorsement.

"Received of the Provident Life & Accident Insurance Company of Chattanooga, Tennessee; the sum named on the face of this check in full and final settlement of all claims against said company on account of any illness or accidental injury or the effects of either sustained by me before the date hereof.
        (Sign here) Luke Hancock.

"Elizabeth Sloan, witness
Cr. Lark Slone.''

It will be seen that the plaintiff accepted the $38.00 and admits the execution of the receipt showing receipt of full compensation for his injury, for which reason and because of the errors heretofore referred to and those that will be hereinafter referred to, this case must be reversed.

On the return of this case to the court below, should the appellee desire to make plea in avoidance of the said receipt, he will be permitted to do so.

In his supplemental brief counsel for appellee insists that appellee sustained a second injury and appellant failing to adjust his claim suit was brought on the policy. We are unable to find in this record where any injury was sued for except the alleged original injury. With regard to this injury the appellee while testifying used this language: "Couldn't say it was a second injury or just the old one."

With the exception of instruction No. 3 those given by the court are erroneous.

Wherefore, the judgment is reversed for proceedings not inconsistent with this opinion.