# Louisville & Nashville Railroad Company v. Johnson.

## (Decided April 27, 1926.)

## Appeal from Warren Circuit Court.

1. Railroads—One About to Cross Railroad May Rely on Warning Signal Required to be Given Without Stopping, Looking, and Listening.—One about to cross railroad crossing may rely on warning signal required to be given by those operating trains, and is not required to stop, look, and listen.

2. Railroads—Evidence Held Sufficient for Jury, where Witnesses Testified They Did Not Hear Train's Signals.—Evidence held sufficient to take case to jury in action against railroad for collision with truck at crossing, where witnesses testified that they did not hear train's warning signals, though plaintiff said he looked for train when eight feet from track, and photographs showed he could have seen it from such place.

3. Appeal and Error—Trial—In Action for Injuries, Instruction Allowing Recovery for Destruction of Earning Power Held Erroneous and Prejudicial, where there was no Evidence that Earning Power was Destroyed.—In action for personal injuries, instruction allowing recovery for destruction of earning power held erroneous and prejudicial, where there was no evidence that earning power was destroyed.

4. Damages—Lost Time and Medical Expenses Must be Pleaded in Order to be Recovered, and Pleading in Blank is Not Sufficient.—In action for injuries, lost time and medical expenses, being special damages, must be pleaded and proved in order to be recovered, and pleading amount in blank is not sufficient.

5. Damages—Plaintiff Pleading Special Damages in Blank Held Entitled to Compensation Only for the Suffering and Impaired Earning Power, which were the Proximate Result of Injuries Received. —Plaintiff who introduced no evidence of destruction of earning power in action for injuries, and pleaded special damages in blank, held entitled to compensation only for mental and physical suffering and impaired earning power, which were the proximate result of his injuries.

6. Railroads—Instruction Requiring Railroad to Warn Traveler should be Modified to Require Reasonable Warning.—In action against railroad for collision at crossing, instruction that defendant had duty to ring bell or sound whistle so as to warn plaintiff of train's approach should be modified to require reasonable warning of

train's approach by ringing bell or sounding whistle, since warning is not required to be effective.

WOODWARD, WARFIELD & HOBSON and RODES & HARDIN for appellant.

G. D. MILLIKEN and W. B. GAINES for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellee recovered a judgment against appellant for $2,500.00 in the Warren circuit court for personal injuries found by the jury to have been received by him as a result of its negligence in a collision between one of its passenger trains and a Ford truck which he was driving. Hence the appeal.

The contention by appellant that it was entitled to a directed verdict at the close of the testimony can not be sustained. It has never been the rule in this jurisdiction that one about to cross the tracks of a railroad company at grade on a public highway must "Stop, look and listen." We have adhered to the doctrine that one about to do so may rely upon the warning signals required to be given by those operating railroad trains of their approach to grade crossings. In that connection it has uniformly been held by this court that a plaintiff makes a case sufficient to go to the jury by establishing by mere negative testimony the fact that the required warning signals were not given, that is, by proving by witnesses close enough and so situated as naturally to be able to do so that they did not hear the warning signals of the approach of the train. The latest utterance of this court on that subject is contained in Louisville & Nashville Railroad Company v. James Howard Jameson's Admrx., 214 Ky. 552, — S. W. —.

Appellee testified that when within six or eight feet of the railroad track and while he was proceeding so slowly that he could have stopped the truck he was driving before reaching the danger zone, he looked in the direction from which the train that struck him was approaching and did not see it. Photographs introduced in evidence for appellant taken from the position appellee testified he was in when he looked and did not see the train, and the evidence of the other witnesses establish that if appellee had looked in the direction from which the train was approaching when within six or eight feet of the track he could not have failed to see the approach-

ing train. Appellant then makes the argument that it necessarily follows that appellee did see the approaching train, and after having seen it negligently drove on to the track in front of it and thereby and as a result of his own negligence received the injuries from which he complained. It is insisted, therefore, that appellant was entitled to a directed verdict. The fallacy of that argument is the assumption that the only conclusion that can be drawn from that evidence is that appellee saw the train and negligently drove his truck in front of it. In view of the fact that the photographs and the testimony of the witnesses established conclusively that if when within six or eight feet of the railroad track appellee had looked in the direction from which the train was approaching he could not have failed to see it, considered in connection with appellee's testimony that when he looked he did not see the approaching train, it is possible for the jury to have concluded that appellee was merely mistaken as to the distance he was from the railroad tracks when he looked south in the direction from which the train was approaching, and that when he did so he was not so close to the tracks as he estimated and the approaching train had not then reached a point where it could be seen. In view of the rule obtaining in this jurisdiction that one is not required to "Stop, look and listen," but may rely upon the signals required to be given to warn those using public highways of the approach of a railroad train to a grade crossing, and in view of the evidence found in the record herein for appellee from four or five witnesses who were located close enough to the scene of the collision to have heard the warning signals if given, who testified that they heard neither the whistle nor the bell, it can not be said that appellee did not make a case and that appellant was entitled to a directed verdict.

It is next urged for appellant that the verdict is not sustained by sufficient evidence. By his petition herein appellee specified the negligence upon the part of appellant and its servants to which he attributed his injuries as being failure to give warning of the approach of the train to the grade crossing by whistle or bell, and operating the train at excessive rate of speed. Having specified the negligence he could rely for recovery upon no other. No witness for appellee stated positively that warning of the approach of the train was not given by blowing the whistle and ringing the bell. Some four or

five witnesses for appellee, however, who were located close enough to have heard the signals if given testified that they did not hear either whistle or bell. All of them, however, testified that their attention was not at the time directed to the train, and admitted that the whistle may have been blown and the bell may have been rung without their noticing it. For appellant it was shown not only by those operating the train but by a number of disinterested witnesses who happened to observe that train as it was approaching that the whistle was blown and the bell rung. The question is then raised whether in that state of case a verdict can be upheld or must be held to be flagrantly against the evidence. In view of the fact that the judgment herein must be reversed for other errors and additional testimony may appear on the question now being considered upon another trial, we have concluded not to determine that question but reserve it.

The measure of damages was submitted to the jury by the trial court in these words: "If the jury find for the plaintiff they will find for him such sum in damages as will reasonably compensate him for the destruction of his power to earn money, if any, or a loss of time, if any, the whole recovery not to exceed $7,500.00." There was no evidence that appellee's power to earn money had been destroyed. From his own testimony it appears that he had so far recovered as to be able to engage in the same business and do the same work exactly as before the injury. He at most claimed merely some impairment of his capacity to labor. Hence the instruction authorizing appellee to be compensated for destruction of his power to earn money was erroneous and prejudicial to appellant.

Special damages, such as lost time and expense incurred by way of physicians' fees, hospital bills, etc., must be pleaded and proved in order to be recovered. Appellee pleaded his special damages in his petition thus: "and caused plaintiff to expend for doctor's bills $——, and caused him to lose $—— per week in his business." So pleading special damages in blank is not sufficient. Under the state of the pleadings appellant's objections to the evidence for appellee as to loss of time and physicians' bills, etc., were erroneously overruled and the instruction authorizing appellee to be compensated for loss of time was erroneous. Jesse v. Shuck, 11 Ky. L. R. 463; L. & N. R. Co. v. Mason, 24 Ky. L. R. 1625; Stroh v. St. Ry. Co., 25 Ky. L. R. 1869; Baries v. Louis-

ville Electric Light Company, 118 Ky. 830; Lexington Ry. Company v. Britton, 130 Ky. 676; Cumberland Telephone & Telegraph Company v. Overfield, 127 Ky. 548; Lexington Ry. Company v. Johnson, 139 Ky. 323; I. C. Railroad Company v. Beeler, 142 Ky. 772; L. & N. R. R. Company v. Dickey, 31 Ky. L. R. 895.

In the state of the pleadings, since objection was offered to the testimony as to special damages, appellee was entitled to be compensated only for the mental and physical suffering and the impairment of his power to earn money which were the proximate result of the injuries received.

That portion of instruction No. 1 advising the jury that it was the duty of the defendant railroad company "to ring the bell or sound the whistle of said train so as to warn plaintiff of its approach at said crossing" is apt, as appellant insists, to be understood to require warning signals to be effective. Since the crossing where the accident in question occurred was within the corporate limits of the city of Bowling Green, and the record herein does not disclose that that municipality has by ordinance provided what signals shall be given as a warning of the approach of a railroad train to a grade crossing, the case falls under appellant's common law duty to give reasonable warning by ringing the bell or sounding the whistle; and in lieu of that portion of the instruction copied above, upon another trial the court will substitute for that quoted this language: "To give reasonable warning of the approach of its train to the Thirteenth street crossing by ringing the bell or sounding the whistle." The latter part of the instruction on the same feature will be modified to conform to that change. The trial court will also define negligence upon another trial.

For the reasons indicated the judgment is reversed and the cause remanded for further proceedings consistent herewith.