## Provident Life and Accident Insurance Company of Chattanooga, Tenn. v. Hancock.

(Decided October 11, 1927.)

### Appeal from Floyd Circuit Court.

1. **Insurance.**—Money paid in settlement of all claims growing out of injury was sufficient consideration for execution of receipt therefor and release of claim under accident policy.

2. **Insurance.**—In action on accident insurance policy, evidence held to show lack of mutual mistake in signing receipt and settlement in full of claim under policy.

3. Insurance.—In action on accident insurance policy, evidence held insufficient to establish fraud in securing signature to receipt and release of claim based on policy.

4. Insurance.—In action on accident insurance policy, where insured did not establish any plea in avoidance of receipt and release of claim on policy for accident, he could not recover.

J. WOODFORD HOWARD and W. P. MAYO for appellant.

B. M. JAMES and JOE HOBSON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

On the 17th day of May, 1922, the appellant entered into an accident insurance contract with appellee whereby it agreed that, if appellee should receive an accident during the life of the policy contract which totally disabled him from performing any and every duty to any business or occupation, the appellant would pay him an indemnity at the rate of $45 per month. On the 12th day of July, 1922, appelleee sustained an injury to his knee which totally disabled him from following any business or occupation for a period of about 30 days. On August 12, 1922, appellee made claim for indemnity accompanied by a statement from his attending physician. The statement of his attending physician shows that appellee was totally disabled, but not confined in the house, from July 12th to August 11th, and that he was totally disabled and unable to work for the same period of time, and that he was also partially disabled from work for the same period of time. The statement of the attending physician recommended the allowance of indemnity for a period of four weeks and two days. After making his claim for indemnity, appellee returned to his work and after his return he performed the same kind of work as before the accident. On the 30th day of August, 1922, appellant gave to appellee a check which is in words and figures, omitting the signature, as follows:

"Chattanooga, Tennessee, August 30, 1922. No. 27165. The Provident Life & Accident Insurance Company of Chattanooga. Tenn. Claim No. 200428. Pay to the order of Luke Hancock $38.00, thirty-eight dollars, being in full settlement of all claims against the company under its policy No. 2006479 for any illness or accidental injury originating prior to the date hereof. To Hamilton National Bank. Chattanooga, Tenn."

Attached to the check there was a receipt which was signed by appellee, and which is as follows:

"Received of Provident Life & Accident Insurance Company of ·Chattanooga, Tennessee, the sum named on the face of this check in full and final settlement of all claims against said company on account of any illness or accidental injury, or the effects of either, sustained by me before the date hereof.                LUKE HANCOCK.''

Nothing further happened in regard to any claim of appellee until the 17th of February, 1923, when he caused a letter to be written to appellant in which he made further claim, either because of his injury on July 12, 1922, or because of a subsequent injury. Appellant declined to consider any further claim on the ground that, if he was attempting to make a further claim because of his injury received July 12, 1922, there had been a final settlement as evidenced by the receipt above quoted, and, if he was making a claim for a later injury, it could not be allowed because his policy had not been in force since his first claim was paid.

Appellee instituted suit to recover an additional sum growing out of his accident of July 12th. At the time he instituted his suit, he claimed $337.50. Later he amended his petition and sought to recover something more than $1,100.00. He obtained a judgment for the amount of his claim, and appellant appealed to this court. The judgment of the lower court was reversed. 214 Ky. 142, 282 S. W. 1104. In the former opinion, it was held that, as appellee had accepted the $38.00 mentioned in the receipt and admitted the execution of the receipt showing that it was in full compensation for his injury, he was not· entitled to recover unless he should interpose a plea in avoidance of the receipt and sustain his plea in avoidance by proof. Since the court held in that case that appellee could not recover unless he could avoid the effect of the receipt, the first question confronting us is whether, on his last trial, he was able to establish any grounds for the avoidance of the receipt. We shall not consider the sufficiency of his plea. On the last trial he obtained a judgment for $1,710.50.

His plea in avoidance, as analyzed by his counsel, was: (a) No consideration for the execution of the receipt; (b) fraud practiced by appellant in obtaining the

receipt; and (c) mutual mistake in the execution of the receipt.

The receipt shows on its face that it was in full settlement of all claims under the policy growing out of any injury prior to the execution of the receipt. The sum of $38.00 was paid in settlement of all claims growing out of such an injury, and this was the consideration for the receipt. If the amount was tendered in full settlement of every claim growing out of his injury, we fail to see any sound basis for the argument advanced that the receipt was given without consideration. Since there was no discussion of any kind between appellee and the apellant or any one representing the appellant, as to the execution of the receipt, we perceive no ground for the contention that the receipt was executed by mutual mistake of the parties. The check shows that appellant intended to pay the full amount of compensation to which appellee was entitled, as a result of his accident. The check and receipt speak for themselves. There is not an intimation in the proof that appellant intended the check or receipt to have any meaning except that expressed in the writings themselves. There is nothing to show that appellee did not understand exactly what he was doing when he signed the receipt. It is true he claims that he thought it was a receipt in full up to that date, but the receipt showed that it was a recipt in full for any indemnity, to which he was entitled by reason of his accident. He was able read and write, and, if he failed to read and understand the receipt, he cannot be excused from his contract by reason of his own negligence or failure to understand. McGregor v. Metropolitan Life Insurance Company, 143 Ky. 488, 136 S. W. 889; J. I Case Threshing Machine Company v. Mattingly, 142 Ky. 582, 134 S. W. 1133.

No fraud is established on the part of the appellant or any one representing it in the obtention of the receipt. Appellee admits that he saw no representative of the company after his accident until he signed the receipt, and that no representative of the company was present when he executed the receipt. He was not advised to sign the receipt by any one having any connection with the appellant. He stated that the mine foreman was the agent of appellant who received the check, but he does not claim that the mine foreman made any suggestion to him one way or the other about his accepting the check or signing

the receipt. This leaves him without any evidence, as we read the record, that tends to establish his plea of fraud.

Having failed to establish any plea in avoidance of the receipt which he executed, we are compelled to hold that he cannot recover.

There are other errors in the record which we will not notice, as it is not necessary to consider them, as they will not occur if there should be another trial.

Judgment is reversed, and cause remanded, with directions to the court to instruct the jury to find for the appellant if the evidence on another trial should be substantially the same as the evidence on the last trial.