## Honaker v. Crutchfield.

(Decided Feb. 14, 1933.)

WILLIS STATON for appellant.
JOHNSON & HINTON for appellee.

Opinion of the Court by Judge Richardson—Affirming.

This appeal requires a review of a trial before a jury for a personal injury, in which a judgment for $825.56, for hospital and medical bills, $800 for loss of time, and $2,000 for personal injury, was rendered in favor of Ola Crutchfield against Marvin Honaker. The injury was sustained by her from an operation of an automobile by Marvin Honaker at the intersection of Fourth and Cline streets, in the city of Pikeville, Ky.

Ola Crutchfield was an employee of the Chamber of Commerce of the city of Pikeville, and on the morning of the day she sustained the injury, October 14, 1931, she walked along on Cline street to its intersection with Fourth street, where she was injured. She narrated the occurrence in this language:

"I was going up Cline street by the Pikeville high school, and before I got to the corner I noticed this car that Marvin Honaker was driving, parked on the corner of 4th street and Cline, parked right against the curb, and he was talking to a boy on the sidewalk, and I walked on up to the corner and the car was still parked, and looked like he had no intention of moving, and I made one step off the sidewalk to cross 4th street, and without any warning he started the car and struck me, and knocked

me down and broke my leg. * * * The car was about 4 feet from where I started across the street.''

She sustained a compound missure fracture, or a double fracture, compounded in two places, i. e., the bone protruding through the skin in two places. After she was injured she was taken to the hospital in Honaker's car, where her limb was set with a splint at each place it was broken. She remained at the hospital 27 days when she was permitted to return home, where she remained in bed about 3 weeks, with a plaster cast on her limb. She has received good results from the hospital and medical treatment, with no permanent impairment of the use of her limb.

Honaker details the accident in this language:
"I came down 4th street to within about 25 or 30 feet of the corner, stopped, talking to a girl, when I finished talking to her I pulled on down to the corner and stopped, waiting for a truck to go by, and when it got by, I looked up and started and looked back onto the corner, back down the street to see there was nobody ready to cross the street, and just as I started out, she, (Ola Crutchfield) stepped off right in front of me. * * * I was within four or five feet of the corner where she stepped off when my car started. * * * I was within two or three feet of her, bound to have been something like two feet when she stepped off, I could not have stopped the car.''

He claims that he had not shifted from low gear before it struck her; that he did all he could to stop, but he could not stop in time to avoid striking her. Witnesses in behalf of each of the parties corroborated their respective testimony. The number of witnesses who testified in his behalf exceeds the number who corroborated Crutchfield. Honaker accompanied her in his automobile to the hospital, immediately after she was injured. On the way to the hospital, while in Honaker's car, she claims this conversation occurred between them:

"I says to Honaker, 'Why in the world didn't you watch what you were doing; that was the most uncalled for accident I ever heard of in my life' and he says, 'Well, when I finished talking to that boy I just started the car,' and I says, 'So I noticed you did.' ''

This was objected to by Honaker, and, on his objection being overruled, he moved to discharge the jury. This motion was overruled. He saved exceptions. At the conclusion of the evidence in behalf of Crutchfield, Honaker requested a directed verdict, which was refused by the court. After the conclusion of the evidence in behalf of both of the parties, he renewed this motion, and again it was overruled. He is here complaining of the admission of the evidence disclosing the conversation that she claimed occurred on their way to the hospital, and of the refusal of the court to direct a verdict for him.

The conversation was not admissible under the rule of res gestæ. Before the admission of a declaration as part of the res gestæ, it is necessary to show a connection of the fact disclosed by the declaration with the controversy. "Spontaneity," as distinguished from the mere matter of time, has come to be considered the determining factor when passing upon the competency of statements when made by one injured in narrating or describing how his injuries were inflicted. The principle deducible from the authorities is, that "statements of the injured party, accompany the transaction, and made under such circumstances as will raise a reasonable presumption that the declarations are the spontaneous utterances of thoughts springing out of the transaction itself and made so soon thereafter as to exclude the presumption of design, constitute competent testimony." National Life & Accident Ins. Co. v. Hedges, 233 Ky. 844, 27 S. W. (2d) 422, 425. A statement to be admissible "as part of the res gestæ, 'must be the act talking for itself, not the person talking about the act. It must be the apparently spontaneous result of the occurrence operating upon the perceptive senses of the speaker.' Stewart v. Com., 235 Ky. 670, 32 S. W. (2d) 29, 32." Barton v. Com., 238 Ky. 356, 38 S. W. (2d) 218, 220.

The conversation narrated by Ola Crutchfield clearly indicates that her expressions were not the act talking for itself, but she was talking about the act, and therefore it was inadmissible under the prevailing rules. However, it is an established rule that a reversal will not be granted in every case because of the admissions of incompetent evidence. The admission of incompetent evidence is a harmless error, unless it ap-

500

pears to have been prejudicial to the complaining party.
U. S. Fidelity & Guaranty Co. v. Travelers' Ins. Mach.
Co., 167 Ky. 382, 180 S. W. 815; Irvine v. Greenway,
220 Ky. 388, 295 S. W. 445. Only where it has been
allowed in favor of the prevailing party on a material
point not clearly established by competent evidence, is
it ground for reversal. Louisville & N. R. Co. v. Fra-
zee, 71 S. W. 437, 24 Ky. Law Rep. 1273. In the present
case, the theory of Ola Crutchfield as to how the acci-
dent happened is clearly shown by the evidence in her
behalf. The manner of its occurrence as claimed by
Honaker is plainly shown by the testimony in his be-
half. Her declarations on the way to the hospital re-
lated to a point clearly established by competent evi-
dence in behalf of the respective parties. The estab-
lished rule is, that the admission of incompetent
evidence is harmless if the facts are otherwise shown
by proper evidence, or when the verdict or judgment is
supported by other sufficient evidence. Miller v. Shack-
elford, 4 Dana (34 Ky.) 264; Louisville & N. R. Co. v.
Brown, 90 S. W. 567, 28 Ky. Law Rep. 772; Southern
R. Co. v. Owen, 164 Ky. 571, 176 S. W. 25; Ill. Cent. R.
Co. v. McGuire's Adm'r, 239 Ky. 1, 38 S. W. (2d) 913;
Murphy v. Phelps, 241 Ky. 339, 43 S. W. (2d) 1010.

The declarations of which Honaker complains un-
mistakably show that the declarant was at the time ex-
cited, and was merely expressing her opinion, and
not endeavoring to state a fact. The jury, from
the statements themselves and the circumstances under
which they were made by her, were bound to know
that they were merely her opinion. There is some
controversy as to whether Honaker responded to
her statements. If he did so, clearly his response was
admissible against him. He objected to the statements
as a whole; his own admission, if the jury believed he
made same, was admissible against him, therefore, the
court committed no error in overruling his objection
to her statements as a whole. Hall v. Com., 189 Ky.
72, 224 S. W. 492.

Honaker most earnestly and vigorously presses his
insistence that he was entitled to a peremptory instruc-
tion. The evidence being conflicting, it was a question
for the jury under appropriate instructions to deter-
mine, on the entire evidence, whether he was, at the
moment of the accident which caused plaintiff's injury,

guilty of negligence. Negligence is the failure to exercise ordinary care. Cincinnati, N. O. & T. P. R. Co. v. Evans' Adm'r, 129 Ky. 152, 110 S. W. 844, 33 Ky. Law Rep. 596. "Ordinary care" is such as one of ordinary prudence usually exercises under similar circumstances. "Contributory negligence" means an act or omission amounting to the want of ordinary care on the part of the complaining party, which, concurring with the negligence of the defendant, is the proximate cause of the injury. Chesapeake & O. R. Co. v. Conley, 136 Ky. 601, 124 S. W. 861. Viewing the testimony of the plaintiff in the light of the meaning of "negligence," "ordinary care," and "contributory negligence," as these terms are defined, it cannot be said that it was negligence or that it was contributory negligence on her part to cross one of the main thoroughfares of the city of Pikeville by walking in front of a parked car, as she claims she did. It is true that the testimony in behalf of Honaker unequivocally contradicts on this particular point the testimony of Ola Crutchfield and the witnesses in her behalf; but this did not entitle him to a peremptory instruction. The rule is that if the plaintiff makes out his case, however much the evidence for the defendant may overbalance that introduced by the plaintiff, he is entitled to have the jury pass upon the issue; and that the court cannot in such a case give a peremptory instruction, although he may be of the opinion that if the jury shall find a verdict for the plaintiff it should be set aside and a new trial granted. Stanley's Adm'r v. Duvin Coal Co., 237 Ky. 813, 36 S. W. (2d) 630, and cases cited.

It has been so often enunciated by this court that where there is a conflict of evidence, the question must be submitted to the jury, and it is error to grant a nonsuit or to direct a verdict, that we deem it unnecessary to cite authorities as to this question. See Kentucky Digest, Trials. The verdict should not be directed if the evidence constitutes a scintilla of proof, though it might be insufficient to sustain the verdict. Burdon v. Burdon's Adm'x, 225 Ky. 480, 9 S. W. (2d) 220. The jury are the triers of the facts, and it is the duty of the court when a peremptory instruction is asked to construe the evidence most favorably to the plaintiff. Caledonian Ins. Co. v. Naifeh, 229 Ky. 293, 16 S. W. (2d) 1046; City of Louisville v. Hale's Adm'r, 238 Ky. 182, 37 S. W. (2d) 20; North American Acc. Ins. Co. v.

West, 245 Ky. 316, 53 S. W. (2d) 692. The ruling on the motion for a directed verdict is in harmony with these general rules, and therefore it is our conclusion that no error was committed in overruling the motion. The original petition fixed the amount of hospital and medical bills at $500 and the damage for personal injury at $25,000, with a prayer for the recovery of $25,000. No damage for lost time was claimed in the original petition, and apparently its prayer omitted the $500 for medical and hospital services. On the completion of the evidence in her behalf, an amended petition was tendered in which it was alleged that she had lost her earnings as a result of the injury from October 14, 1931, until the trial, and that she would lose an additional month as a result of the injury, and that she was damaged on this account $800. In the amended petition, the medical and hospital expenses were fixed at $825.56. To the filing of this amendment Honaker objected, his objection was overruled; the amendment was traversed of record, and the trial proceeded. The evidence in behalf of Ola Crutchfield sufficiently established the loss of time, the medical and hospital bills, and the loss of her earnings. The filing of the amended petition rested exclusively in the sound discretion of the trial court. The only limitation upon the discretion of the court in allowing it was that it must be in furtherance of justice, and not change substantially the cause of action. Palmer v. Smith, 204 Ky. 82, 263 S. W. 773; Louisville & N. R. Co. v. Tuggle's Adm'r, 151 Ky. 409, 152 S. W. 270. Honaker on the filing of it did not request a postponement or attempt to show he could not proceed with the trial with it filed. Section 136, Civil Code of Practice. Even if on a showing on his part that he could not proceed with the trial after it was filed, the going into the trial after it was filed rested in the sound discretion of the court. Moore's Adm'r v. Pierce, 160 Ky. 107, 169 S. W. 620. If he desired a continuance because it was filed, he should have filed his affidavit showing grounds therefor. Troendle Coal Co. v. R. Morgan Coal, Coke & Mining Co. (Ky.) 114 S. W. 312. There is no showing that the court, on proceeding with the trial after it was filed, abused his discretion. Provident Life & Accident Ins. Co. v. Hancock, 214 Ky. 142, 282 S. W. 1104. The argument is presented, and cases are cited to sustain it, that where the plaintiff is permitted to recover for lost time, phy-

sicians' and medical bills, etc., the same must be specifically pleaded, and, unless so pleaded, no recovery can be had therefor. The correctness of this rule has been so long and well recognized it is not to be disputed; but it is not applicable in the present case for the simple reason the petition as amended complies literally therewith. Honaker claims that the items for medical and hospital service should have been itemized. If it was not as definitely pleaded as he conceived it should be, it was his privilege and duty to request the court to require Ola Crutchfield to make it more definite and certain. Having failed to do so, it is too late to raise this question for the first time in this court. His right to insist on an itemization is regarded as waived. City of Greenville v. Johnston, 244 Ky. 782, 52 S. W. (2d) 716. In her testimony Ola Crutchfield was requested to itemize the medical and hospital bills she had expended. She did so, but she fixed the total amount at $825.56, which included $22.50 for board of the nurse after she left the hospital. Honaker now complains of the item of $22.50 for the nurse's board. At the time this evidence was admitted he made no objection to it. An objection to evidence cannot be raised for the first time on an appeal. Combs v. Ezell, 232 Ky. 602, 24 S. W. (2d) 301. If not made in the trial court, objections to incompetent evidence are regarded as waived. Moss Federal Coal Co. v. Rhea, 215 Ky. 18, 284 S. W. 100. After his motion and ground for a new trial were filed, Honaker filed an affidavit declaring that:

"Since the verdict of the jury, and the filing of the original motion and ground for a new trial, he had received information for the first time that the plaintiff carried accident insurance, and that the insurance covered hospital and doctors' bills and other medical attention, amounting to several thousand dollars."

We discover in the record no order dealing with this motion; but even if there was an order; and if he was entitled to the benefit of the accident insurance carried by her (which we do not pass on or in any way express an opinion), the affidavit fails to name the company or amount of insurance or any other facts authorizing the court to enter an order respecting the insurance. On careful review of the issues presented

504

ana of the evidence admitted, as well as the contentions of Honaker, we are unable to observe any error prejudicial to his substantial rights.

Therefore the judgment is affirmed.