## V. T. C. Lines v. Taylor.

Dec. 15, 1939.

84

R. W. Keenon and B. L. Kessinger for appellant.

R. L. Pope, C. B. Upton and William L. Rose for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This appeal is from a judgment for $1500 awarded the appellee, Lloyd Taylor, in an action by him against the appellant, V. T. C. Lines, for damages on account of personal injuries sustained by him when a bus of appellant in which he was a passenger ran off the highway and overturned.

Appellee's evidence was to the effect that the bus came over the top of a hill and while descending met a truck with one light and while attempting to pass this truck, and while traveling at a speed of 40 miles per hour, the bus began to sway and then left the highway and turned over. Appellee's witnesses state that the truck was on its right side of the highway. The bus driver, testifying for appellant, attempted to excuse the accident by saying that he thought the truck with one light was somebody walking and that he pulled toward the middle of the road so as to let the supposed pedestrian by and as he did so saw it was a truck and that he then pulled back to the right and started skidding and went over the bank on the right side of the road, turning the bus over.

It is contended that the appellant was entitled to a directed verdict because the petition had alleged specific acts of negligence on the part of appellant in having defective brakes and other mechanical equipment on the bus, following a general allegation of negligence on the

part of the driver, and that as appellant objected to all testimony concerning negligence of the driver (these objections were overruled) and as there was no evidence of defective brakes or mechanical equipment there was actually no competent evidence of negligence. This contention is based on the claim that the allegations after the charge of general negligence confined the appellee to proof of specific negligence. After the allegation of general negligence on the part of the driver, the petition in a later literary paragraph states, "that said collision and accident * * * were due wholly to the negligence of said driver of said bus and to its defective mechanism, brakes and other mechanical parts unknown to him all cooperating or commingling with one another as to cause and bring about said accident."

We do not regard this allegation as one of specific negligence qualifying and modifying the previous allegation of general negligence on the part of the driver. In Paducah Traction Company v. Baker, 130 Ky. 360, 113 S. W. 449, 18 L. R. A., N. S., 1185, it was held that the plaintiff, a passenger on a common carrier, had the right to charge generally that her injuries were caused by the negligence of the driver, or because the car or some of its appliances were in a defective or unsafe and dangerous condition. These are almost the exact allegations made in the instant case. There is no dispute as to the correctness of the general rule contended for by appellant that where specific acts of negligence are charged or where a general allegation of negligence is coupled with a charge of specific acts of negligence, or where such general allegation is followed by express charge of specific acts, plaintiff's evidence and right of recovery will be confined to the specific negligence alleged. Wilhelmi v. Berns, 274 Ky. 618, 119 S. W. (2d) 625. The allegation in question does not fall within the condemnation of that rule but is permissible under the holding in Paducah Traction Company v. Baker, supra. We conclude, therefore, that appellant was not entitled to a directed verdict on this ground.

It is contended also that appellant was entitled to a directed verdict because the evidence was insufficient to show any negligence on the part of the bus driver. In support of this contention appellant cites Gilreath v. Blue & Gray Transportation Company, 269 Ky. 787, 108 S. W. (2d) 1002, to the effect that when the evidence shows that an accident resulted from a condition of the

road and not from any negligence on the part of the operator no liability results, and Tente v. Jaglowicz, 241 Ky. 720, 44 S. W. (2d) 845, 848, in which the court said:

"But it cannot be held as a matter of law that the operator of a car is necessarily negligent when it skids or slides on an icy street. The proper inferences from that fact are to be drawn by the jury."

It seems that these authorities have no application in showing that there was no negligence proven in the instant case. There is no showing, in accord with the first case, that the accident occurred solely by reason of a slippery condition of the road. In line with the quotation from the last mentioned case the fact that the bus ran off the road and turned over while attempting to pass the truck creates a situation from which an inference of negligence may be drawn by the jury. Especially is that true since there was evidence for the appellee to the effect that the bus was traveling 40 miles per hour in passing the truck. This was typically a case for the jury to say whether or not the driver satisfactorily accounted for his action in permitting the bus to leave the highway and overturn.

Instruction No. 1 given by the trial court told the jury that it was the appellant's duty to use the highest degree of care in transporting the appellee as a passenger on its bus. Instruction No. 2 informed the jury as to certain specified duties of the driver in operating the bus and the jury were told that if the appellant failed to perform any of the duties *above* set out and that as a result of such failure the bus was caused to overturn and that "the plaintiff was thereby hurt or injured in his chest, lungs or other parts of his limbs or body" they should find for the plaintiff. It is argued that the instructions as thus framed did not give the jury any criterion as to any particular duty that the bus driver owed appellee but, in effect, made appellant an insurer of its passengers' safety. We do not regard the instructions in this light. The jury by these instructions were told, in substance, that if the appellant failed in the duty of exercising the highest degree of care or any of the particular duties devolving on the driver and that such failure caused appellee's injuries, they should find for him. It would probably have been better form to enumerate all duties owed by appellant to appellee in one instruction but we do not see how the jury could

have been misled by the manner in which the instructions were framed.

It is also urged that the above quoted language from instruction No. 2 resulted in a magnification of appellee's injuries to the jury. We do not think the instruction has this effect or that it is open to the condemnation pointed out in City of Harlan, Kentucky, v. Howard, 211 Ky. 516, 277 S. W. 847. We see in this language no undue prominence or magnification of the appellee's injuries, or of his pain and suffering, certainly not such as to warrant a reversal as being prejudicial error.

However, the instructions on measure of damages contained a serious and prejudicial error requiring a reversal of the judgment. Instead of giving the measure of damages to the jury in one instruction, it was split in two instructions, No. 6 and No. 7. Instruction No. 6 contains the measure of damage as to the temporary personal injuries and is not complained of. Instruction No. 7 is as follows:

"If the jury shall believe from the evidence in this case that the plaintiff has been permanently injured and that his power to earn money has been lessened, then you may award to him such a sum in damages for the diminution of his power to earn money as you may believe from the evidence will fairly and reasonably compensate him for such lessening of his power to earn money, if any, but if you find for him for both loss of time and lessening of his power to earn money from the time where his loss of time ends and in all your finding you cannot exceed the amount sued for, which is $5,750."

While this instruction does not expressly authorize a recovery for loss of time it does so by inference. Loss of time was not a recoverable element in this case as it was not pleaded. It has been held many times by this court that loss of time is special damage which must be pleaded as a basis for recovery. Honaker v. Crutchfield, 247 Ky. 495, 57 S. W. (2d) 502; Louisville & Nashville Railroad Company v. Johnson, 214 Ky. 189, 282 S. W. 1087. Apparently the trial court in writing this instruction made an effort to comply with the rule announced in Blue Grass Traction Company v. Ingles, 140 Ky. 488, 131 S. W. 278, that the allowance for the impairment of power to earn money should begin when the allowance

for lost time on account of disability ends. But a casual reading of the instruction makes it apparent that it wholly failed to incorporate this rule. The error was possibly due to the omission of words or a line in copying from an approved instruction but nevertheless is an error and wholly fails to express the necessary qualification. In fact as it appears in the record, the latter part of the instruction is utterly without meaning. The instruction is subject to the double error of improperly permitting a recovery for lost time and, after doing so, of failing properly to limit allowance for permanent injury, so as to make it begin at the end of the period for which loss of time was allowed.

It is also urged that the judgment should be reversed because the verdict is excessive. We do not find it necessary to pass on this question. The evidence on the next trial may be materially different as to the extent of the injuries and the verdict may be entirely different. This question is expressly reserved.

On account of the error in the instruction as to the measure of damage, the judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.