## Conley v. Fannin.

November 19, 1948.

A. W. Mann for appellant.

J. W. McKenzie for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This appeal is prosecuted by plaintiff below. He sought to recover damages against appellee for personal injuries resulting from an automobile accident.

The accident, out of which the action arose, occurred about 7:30 on the morning of May 13, 1944. Appellant was driving the car of his father. Visibility was bad due to an extremely dense fog. As appellant was traveling East toward Ashland on an overpass, a collision occurred between the car of appellant and the bus of appellee.

Upon the first trial of the action the jury failed to agree. Upon retrial the verdict was in favor of appellee.

The sole question presented on this appeal is whether or not the court erred in permitting the introduction of allegedly incompetent evidence. Over appellant's objection, appellee introduced testimony of the driver and a passenger on a bus other than the one involved in the accident. The testimony of both the driver and the passenger was substantially the same. They had passed the bus involved in the collision shortly before entering on the overpass, and apparently were preceding it by some 600 to 800 feet. They testified, in substance, that they met three cars parked at the steps of the overpass, and that a fourth car, without lights burning, came around the parked ones and nearly collided with the bus. They testified that they did not remember whether or not they met another car after passing the involved bus and meeting this car without lights. In reply to the question as to whether or not he could identify the car without

lights as that of the appellant's, the driver stated that he could not. Neither of these witnesses identified the car, which they claim to have seen being operated without lights, as appellant's car. Appellant, therefore, insists that without such identification, and without elimination of the probability of its being some other car, this testimony was incompetent.

We have here a rather close question. · In Robinson Transfer Company v. Turner, 244 Ky. 181, 50 S. W. 2d 546, evidence was introduced that the tail light of the truck of the appellant company was not burning on two occasions prior to the accident. We reversed there and directed that such evidence be excluded and that the evidence be limited to the time and place of the accident.

In the subsequent case of Kennedy Transfer Co. v. Greenfield's Adm'x, 248 Ky. 708, 59 S. W. 2d 978, evidence was introduced showing that one headlight was not burning three-fourths of a mile from the accident. We held that evidence admissible and pointed out that this was a mechanical fault and that the one light was not apt to come on if out a short time before.

According to testimony of appellee, appellant's car at the time of the collision was being operated without lights. So, we have, according to the allegedly incompetent evidence, a car, with no lights, being driven around three other parked cars and almost colliding with another bus which had only a minute before passed and was preceding by only a few hundred feet the bus involved in the collision.

The instant case, though somewhat analogous to the Kennedy Transfer Co. case, admits, however, of this distinction, that in the latter the mechanical fault is most apt to continue to the place of the accident, while in the case at bar it may have required only the act of the operator of the car to turn the lights on. However, if there was a dereliction of duty at a time and place so close to the time and place of collision as nearly to approximate same, could evidence of it logically be excluded as too remote as in the Robinson Transfer case above? True, there was no identification of the car as being the same car involved in the accident, but it was so close to the time and place of the collision that it was proper to admit this evidence for what it was worth to the jury.

Appellee contends that even though the evidence were incompetent and inadmissible, its admission nevertheless was harmless. The rule here relied on is stated in Honaker v. Crutchfield, 247 Ky. 495, 57 S. W. 2d 502, 504, wherein we said:

"* * * admission of incompetent evidence is harmless if the facts are otherwise shown by proper evidence, or when the verdict or judgment is supported by other sufficient evidence."

The other evidence is substantially as follows: Appellant maintains that both head and fog lights were burning. There was testimony on appellee's side that there were no lights burning. The appellant and other witnesses for him testified that his vehicle was on the proper side. The driver of the bus testified that appellant was astride the white line in the center of the road, and that his bus was on its right side midway between the banister on one side and the white center line on the other. He was corroborated in this by a number of witnesses.

Obviously, from the above facts, the verdict of the jury is supported by other amply sufficient evidence. Having concluded above that the allegedly incompetent evidence complained of by appellant, being so close to the time and place of the accident as to throw it within the realm of competency and admissibility, the issue raised herein by appellant must fail.

Wherefore, the judgment is affirmed.