CASE 81.—PERSONAL INJURY ACTION BY CAROLINE BRIT-
TON AGAINST THE LEXINGTON RAILWAY COM-
PANY.—November 25.

# Lexington Ry. Co. v. Britton.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Re-
versed.

1. Carriers—Injury to Passenger—Taking on Passenger.—Unless
   a passenger boarding a street car is crippled or under some
   disability, it is not negligence to start the car before he has
   obtained a seat.
2. Damages—Instructions.—Where, in an action for injuries to
   a passenger, no loss of time was alleged or proved, and
   there was no proof of permanent injury, an instruction that
   the jury might find such damages as would fairly compen-
   sate plaintiff for injury done her, in which event they might
   include mental and physical suffering and medical expenses,
   was erroneous as authorizing the jury to award such sum as
   they might deem right.
3. Negligence—Pleading.—Negligence may be pleaded in general
   terms without specifying the act constituting the negligence.
4. Negligence—Issues and Proof.—Where plaintiff attempts to
   specify in his petition the negligence complained of, he can
   not recover on any other grounds.
5. Damages—Pleading.—Special damages, such as loss of time
   and medical treatment, must be specially pleaded.
6. Damages—Pleadings.—Where, in an action for injuries, the
   petition left the amount of plaintiff's medical bills blank, it
   was error to admit evidence therefor.

STOLL & BUSH, WM. L. SUDDUTH and MORTON, WEBB &
WILSON for appellant.

## POINTS AND AUTHORITIES.

1. The construction given by the lower court as to measure of general damages is erroneous. (Lexington Railway Co. v. Woodward 106, section 853; Lexington Railway Co. v. Herring, 29 Ky. Law Rep., 794; Lexington Railway Co. v. Herring, 30 Ky. Law Rep., 269; Parker v. Jenkins, 3 Bush, 587; L. C. & L. Ry. Co. v. Cases Adm.; 72 Ky., 736; L. & N. Ry. Co. v. Logsdon, 114 Ky., 746; Lexington Railway Co. v. Fain, 28 Ky. Law Rep., 745.)

2. Special damages must be specially pleaded and the amount claimed as such, must be set out. Under an allegation that plaintiff expended $............ for medical services, no proof as to the value of such service can be introduced, nor can any recovery be had therefor. (Newman on Pleading & Practice, sec. 345; Newman on Pleading & Practice, sec. 232; Newman on Pleading & Practice, p. 507; 1 Chitty, 398; Heard on Civil Pleading, p. 311; Jesse v. Shuck, 11 Ky. Law Rep., 463; Lloyd v. Knadler; 22 Ky. Law Rep., 776; L. & N. v. Dickey, 31 Ky. Law Rep., 894; Baries v. Lou. Elec. Light Co., 25 Ky. Law Rep., 2303; Stroh v. South Covington & Ry. Co., 25 Ky. Law Rep., 1402; L. & N. v. Mason, 24 Ky. Law Rep., 1623.)

GEORGE DENNY and J. FRANKLIN WALLACE for appellee.

We submit that there was evidence of negligence in the starting of the car with a jerk, and this question was properly submitted to the jury by the instructions, and in such case the verdict of the jury should stand.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

The plaintiff, Caroline Britton, instituted this action against the defendant, Lexington Railway Company, to recover damages for injuries alleged to have resulted from the negligence of the defendant. The jury returned a verdict in her favor for $720, and the defendant appeals.

As grounds for reversal, the following errors are assigned: First, the refusal of the court to give a

peremptory instruction in favor of the defendant; second, the giving and refusing of instructions; third, overruling defendant's demurrer to the petition; fourth, admission of incompetent testimony.

The accident to the plaintiff occurred on December 25, 1906. While we are inclined to believe, from the record, that she had gotten inside of the car when she was injured, there is no doubt of the fact that she had passed up the steps of the car and on to the platform thereof, and was in the act of entering the car. As the court has determined to reverse this case on other grounds, it will be unnecessary to pass upon the first error assigned by appellant.

The court instructed the jury as follows:

"No. 1. If the jury believe from the evidence that the plaintiff while entering the car of the defendant was thrown against a seat of the defendant's car and thereby injured, and that she was so thrown by reason of the car being started forward, and if the jury further believe from the evidence that said car was so started forward by defendant's employes in charge of said car at a time when said employes knew, or by the exercise of reasonable care could have known, that it was unsafe to the plaintiff to so start said car, and at a time when the plaintiff had not had a reasonable opportunity to get a seat, or to make her footing safe on the floor of said car, the jury should find for the plaintiff, unless the jury further believe from the evidence that plaintiff was guilty of contributory negligence as explained in the third instruction, in which event the jury should find for the defendant.

"No. 2. The jury should find for the defendant unless the jury believe from the evidence that while entering the defendant's car the plaintiff was thrown against a seat of the car and thereby injured, and that

she was so thrown by reason of the fact that the car was started forward by the employes of defendant in charge of said car, and that said car was so started forward at a time when said employes knew, or by the exercise of reasonable care could have known, that it was unsafe to the plaintiff to start said car forward at that time, and that the plaintiff at that time had not had a reasonable opportunity to get a seat or to make her footing safe on the floor of said car.

"No. 3. If the plaintiff was negligent in the manner of her going into defendant's car, or if she was negligent in failing to get a seat, or to make her footing safe on the floor of said car, and if by reason of such negligence the plaintiff was caused to be thrown against a seat when but for such negligence she would not have been so thrown, this was contributory negligence on the part of the plaintiff. And, if the plaintiff was guilty of contributory negligence as herein explained, the jury should find for the defendant, whether the defendant's employes in charge of said car were also guilty of negligence or not.

"No. 4. Negligence is the want of ordinary care. Ordinary care is such care as persons of ordinary prudence usually exercise under the same or similar circumstances.

"No. 5. If the jury find for the plaintiff, they should find for her in such sum in damages not exceeding $2,000 as will fairly compensate the plaintiff for any injury done to her by reason of being thrown against the seat of defendant's car, in which event the jury may include any expense reasonably incurred by the plaintiff in procuring medical treatment for injuries caused by being so thrown, and not exceeding $50, if the plaintiff has incurred any such expense, and also compensation for any physical pain or mental anguish

suffered by the plaintiff by reason of being so thrown, if she has suffered any thereby, the verdict for the plaintiff, if any, in no event to exceed $2,000.''

While the trial court in overruling appellant's motion for a new trial argues with great force and learning in favor of the proposition of law announced in instruction No. 1, the rule so announced does not accord with the weight of authority, and is not the law in this State. The facts in the case of Bennett v. Louisville Ry. Co., 122 Ky. 59, 90 S. W. 1052, 28 Ky. L. R. 998, 4 L. R. A. (N. S.) 558, 121 Am. St. Rep. 453, are identical with those in this case. There the petition charged, in substance, that the motorman stopped the car for plaintiff, and, as she entered the door and was in the act of taking her seat, the motorman negligently turned on the current and started the car with a sudden and unusual jerk, by which she was thrown with great force and violence against the edge or end of the seat, and thereby injured. In discussing the law applicable to the case, this court, after citing the cases of Louisville & Nashville Railroad Company v. Hale, 102 Ky. 600, 19 Ky. Law Rep. 1651, 44 S. W. 213, 42 L. R. A. 293, and Sheffer v. L., H. & St. L. R. R. Co., 60 S. W. 403, 22 Ky. Law Rep. 1305, said: ''Both of these cases, however, were against steam railways, but we can see no reason why the same rule should not be made applicable to street railways. It would be impracticable to require in every instance those in charge of a street car to have it remain still until every passenger that boards it takes a seat. This would make street car travel slow, vexatious, and inconvenient. There are instances in which a car should be permitted to remain still until the passenger is seated; that is, where the passenger is old, feeble, crippled, or in any condition which

makes it reasonably apparent to those in charge of the car that the person needs unusual care and precaution for his or her protection. But the case at bar does not come within this rule. It is true that she was proven to be large and fleshy, but there was no proof that her flesh was any great burden to her, nor was there anything proven which might have indicated to the motorman in charge of the car that any extra precautions were required on his part for her safety." The rule above announced was also adhered to, and is cited with approval in the case of Howard v. Louisville Railway Co., 105 S. W. 932, 32 Ky. Law Rep. 309. Of course a different rule prevails where the party is injured while boarding the car and before he safely reaches the platform thereof. In such cases the car should not be started until the passenger has secured a safe footing. That however, is not the case before us.

Instruction No. 5 is attacked upon the ground that it does not present the correct measure of damages. This is true, for the court, after fixing plaintiff's damages at a sum which would compensate her for any injury done her, provides, further, that the jury might include the reasonable expense of medical treatment and reasonable compensation for any physical pain or mental anguish suffered by the plaintiff. Under the language used, the jury might have awarded plaintiff any damages they saw fit "for any injury. done to her;" and the inclusion of damages for mental and physical suffering and reasonable expense incurred for medical treatment did not exclude any other element which the jury might have seen fit to consider. Under the facts of the case no elements other than physical and mental suffering and reasonable physicians' bills could be considered by the jury,

inasmuch as no loss of time was alleged or proved, and there was no proof of permanent injury. An instruction similar to the one given in this case was condemned by this court in Lexington Railway Co. v. Herring, 96 S. W. 558, 29 Ky. Law Rep. 794. In that case Judge Hobson, speaking for the court, filed the following response (97 S. W. 1127, 30 Ky. Law Rep. 269) to the petition for rehearing: ''The cardinal trouble with the instruction of the court is that in stating to the jury the measure of damages it authorized them to find for the plaintiff, among other things, such further sum as will fairly compensate her for the loss of her foot.' Different people might have very different ideas as to the amount of money that would compensate a woman for the loss of a foot. Such an instruction would be in effect to give the jury no criterion of damages, and is equivalent to an instruction to them to find for the plaintiff such a sum as they deemed right, considering the injury she had received.

We shall next consider the question whether or not the petition stated a cause of action. The language of the petition is: ''* * * And said plaintiff, Caroline Britton, says that on said date, and while she was entering one of said defendant's cars at the corner of Upper and Main streets, the car was started before she had an opportunity to reach a seat and threw the plaintiff backwards against a seat of the car, and thereby injured the plaintiff's back and fractured a rib, and that the said injury has caused the plaintiff untold suffering, mental anguish, pain, and has permanently injured the plaintiff, and that said injuries were caused wholly by the negligence and carelessness of the defendant, its agents, servants, and employes in so negligently and carelessly starting said car that

was running east on Main street, and was stopped on the corner of Upper and Main streets for the purpose of taking on and letting off passengers.'' It is the well-establishd doctrine in this State that negligence may be pleaded in general terms without specifying the acts constituting the negligence. Where, however, a party who is injured attempts to specify the negligence complained of, he is confined in his proof to such negligence, and can not recover upon any other ground. W. A. Gaines & Co. v. Johnson, 105 S. W. 381, 32 Ky. Law Rep. 58. It necessarily follows therefore that if the plaintiff attempts to specify the negligence of the defendant he must state facts showing negligence and constituting a cause of action. In this case the plaintiff might have alleged that while she was entering the car she was injured by the negligence of the defendant, its agents, or employes. This general allegation of negligence would have been sufficient. It is manifest, however, from her petition that she was seeking to recover upon the ground that the defendant started the car before she had an opportunity to get a seat. Such an allegation did not show negligence. It is not negligence to start a car under such circumstances in the ordinary and usual way, unless the party injured is suffering from some physical or mental infirmity which is apparent to those in charge of the car. In the absence of such physical or mental infirmity, the defendant is guilty of negligence only in the event it starts the car by a reckless or unusual and unnecessary jerk or lurch, and passengers are thereby injured.

Further complaint is made of the error of the court in admitting evidence as to the amount of plaintiff's doctors' bills under the allegations of the petition

which left the amount of such bills blank.  It is the well-settled rule in this State that special damages, such as loss of time and medical treatment, must be specially pleaded.  If they are not specially pleaded, no recovery can be had for such items.  If the pleading, then, is blank as to either one of these items, it is the same as if there were no plea of special damages. The defendant in this case might have been willing to admit doctor's bills in a small amount, but in case the petition sought to recover for a large sum under this item it might have desired to contest the same.  In any event, the pleadings should be in such condition as to inform the defendant of the amount claimed, and thus give it an opportunity either to admit or deny the averments concerning such items of damage.  The petition was therefore defective in this particular. Jesse v. Shuck, 12 S. W. 304, 11 Ky. Law Rep. 463; Lloyd v. Knadler, 58 S. W. 803, 22 Ky. Law Rep. 776; L. & N. R. R. Co. v. Dickey, 104 S. W. 329, 31 Ky. Law Rep. 894.  Upon the return of this case, the court will permit plaintiff to amend her petition, both as to the facts constituting her cause of action and by filling the blank as to the amount of expense incurred for medical treatment.  In the record before us there is no evidence either of contributory negligence or of permanent injury.  If the evidence upon the next trial is the same, the court will instruct the jury as follows:

"No. 1. If you believe from the evidence that plaintiff, while entering defendant's car, was injured by being thrown against one of the seats thereof, and that such injury was caused by the negligence of defendant's agents or employes in charge of said car in starting said car by a reckless or unnecessary and unusual jerk or lurch, you will find for plaintiff.

'No. 2. Unless you believe that plaintiff, while enter-

ing defendant's car, was injured by being thrown against one of the seats thereof, and that such injury was caused by the negligence of defendant's agents or employes in charge of said car in starting said car by a reckless or unusual and unnecessary jerk or lurch, you will find for defendant.

. "No. 3. If you find for the plaintiff, you will award her such sum in damages, not exceeding $2,000, as you believe from the evidence will fairly compensate her for her physical and mental suffering, if any, caused by her injury, if any, and for her reasonable expenses for' medical treatment incurred as a result of her injury, if any."

For the reasons given, the judgment is reversed and cause remanded for' a new trial consistent with this opinion.