## Crume-Hundley Oil Company et al. v. Bell.

(Decided April 29, 1932.)

TODD & BEARD for appellants.

GILBERT, PICKETT & KINSOLVING and JOHN D. BUCKNER, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The facts of this case are stated fully in the opinion in Bell v. Ætna Oil Service, Inc., et al., 242 Ky. 471, 46 S. W. (2d) 757. This appeal is on the same record.

On the former appeal it was held that the trial court correctly refused to instruct the jury on the conspiracy charged in the petition because there was no evidence to support the allegations of the petition as to the exist-

ence of a conspiracy between the defendants to injure plaintiff's business by unlawful means. That was the only question presented on that appeal. The trial court did give the following instructions:

"Instruction No. 1. If the jury believe from the evidence that the defendants, Crume-Hundley Oil Company, a firm consisting of John Crume, J. W. Hundley and W. T. Davis, without the consent of the plaintiff took possession of or used in its business of distributing oil and gasoline, the pumps, tanks or other equipment of plaintiff, the jury should find for the plaintiff the fair reasonable rental value of such equipment, so used by the defendants for the time used, unless the jury so believe the jury should find for the defendants."

"Instruction No. 2. If the jury believe from the evidence that the plaintiff agreed with the defendants that if they obtained the patronage of any persons then having in their possession installed equipment of the Fullenwider Oil Co., that they should use the installed tanks and replace them by delivering other tanks of similar character, and they did deliver and tendered plaintiff all such equipment, if any, the jury should find for the defendants."

To the giving of these instructions both the plaintiff and the defendants objected.

The jury returned a verdict in favor of the plaintiff for $650, upon which judgment was entered, and on the former appeal the defendants, who were appellees on that appeal, sought to have the judgment in that respect reversed, but they had failed to perfect their appeal or to take a cross-appeal. On the appeal prosecuted by the plaintiff, the judgment was affirmed, but without prejudice to the right of the defendants to prosecute an appeal thereafter.

The action was based solely on the theory that the defendants had entered into a conspiracy to injure plaintiff's business, and pursuant to such conspiracy had committed unlawful acts resulting in damage to the plaintiff. There was no pleading warranting the instructions given. The cause of action was not predicated upon defendants' liability for the rental value of equipment owned by plaintiff and used by the defendants without the owner's

consent. There was evidence tending to show that defendants filled with their products underground tanks owned by the plaintiff and located on the premises of third persons, but this evidence was introduced for the purpose of showing the existence of the alleged conspiracy. No proof was offered as to the rental value of the equipment which it is claimed defendants wrongfully used. Consequently, there was neither pleading nor proof warranting the instructions.

Before a court may instruct on an issue there must be pleadings raising the issue and evidence supporting it, and an instruction not based both on pleading and evidence is erroneous. Howard v. Gray's Warehouses, Inc., et al., 242 Ky. 501, 46 S. W. (2d) 787; Rockcastle Gas Co. v. Horn, 241 Ky. 398, 44 S. W. (2d) 273; Conn v. Lexington Utilities Co., 233 Ky. 230, 25 S. W. (2d) 370.

For the reasons indicated the judgment against appellants for $650 is reversed, and the cause remanded for further proceedings consistent herewith.