## Coleman v. Daniel.
Dec. 18, 1942.

E. B. Anderson and John Bentley Anderson for appellant.

Herman A. Birkhead for appellee.

554

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This action, filed by appellee, Esther Daniel, against appellant, Emily Coleman, to recover damages for personal injuries as the result of a pistol shot wound allegedly inflicted by appellant, resulted in verdict and judgment for $750 compensatory damages and $500 punitive damages. This appeal follows.

Appellee's evidence was to the effect that appellant was engaged in driving chickens out of her field and in doing so fired a pistol near the chickens; that appellee and her husband were standing at a window of their home nearby watching; that appellant suddenly faced about and fired two shots at them, one of the bullets piercing the window sash and striking appellee on her knee and then dropping to the floor. A small bruise was made on appellee's knee, from which she claims she suffered much pain. At the time of the trial, five months after the injury, she said her knee was still painful and sore and hurt when she stood on it and that she could secure relief only by keeping a tight bandage on it.

Appellant's evidence was to the effect that she fired two shots into the ground near the chickens to frighten them but in an opposite direction from appellee's home and that she did not fire at or towards appellee. It appears there was ill feeling between the parties as a result of appellee, some months previous, fastening up appellant's cattle which were claimed to have damaged crops.

It is contended that the verdict was excessive as to compensatory damages but we see little merit in this contention. If appellee still endured pain and suffering five months after the injury to the extent described by her it is apparent that the award of $750 compensatory damages was well within bounds.

The principal ground urged for reversal is claimed error in several particulars in the instruction as to the measure of compensatory damages. Omitting the preliminary part of the instruction, as to which there is no controversy, it was as follows:

"then you will find for the plaintiff and award her such sum in damages as you believe from the evidence would fairly and reasonably compensate her for any loss of time or for her impairment of her power to earn money, if any, and for the suffering

of the physical pain and mental anguish of plaintiff, if any, resulting directly from such shooting and wounding, if said plaintiff was so shot and wounded, not to exceed the sum of $2,000.00 as compensatory damages * * *.''

The first error argued is that the instruction should not have submitted loss of time as a recoverable item because the petition was insufficient to authorize recovery therefor. The only allegation of the petition as to loss of time was ''and she has since said date been unable to work or earn any money by reason of the aforesaid injury, and will be unable by reason thereof to work or earn money for a long period of time''. The prayer of the petition was for the recovery of $2,000 compensatory damages and $1,000 punitive damages. In short, there was no allegation as to value of time lost nor was there any prayer for the recovery of any specified amount for this item of damage.

We have repeatedly held that loss of time is special damage and that in order to recover therefor the loss must be specially pleaded. V. T. C. Lines v. Taylor, 281 Ky. 83, 134 S. W. (2d) 991; Honaker v. Crutchfield, 247 Ky. 495, 57 S. W. (2d) 502; Prichard v. Collins, 228 Ky. 635, 15 S. W. (2d) 497; Augustus v. Goodrum, 224 Ky. 558, 6 S. W. (2d) 703; Illinois Cent. R. Co. v. Beeler, 142 Ky. 772, 135 S. W. 305. And, more specifically, we have frequently held that a general allegation of lost time, such as that contained in the petition in this case, is insufficient when there is no allegation as to the amount and value of the lost time and where there is no amount claimed for that particular item. Gorham & Co. v. Carter, 228 Ky. 214, 14 S. W. (2d) 749; Louisville & N. R. Co. v. Johnson, 214 Ky. 189, 282 S. W. 1087; Lexington R. Co. v. Britton, 130 Ky. 676, 114 S. W. 295; Baries v. Louisville Electric Light Co., 118 Ky. 830, 80 S. W. 814, 85 S. W. 1186. In the last mentioned case there was an allegation that since the injury plaintiff had been unable to do any kind of work, an allegation similar, in effect, to the one here involved. It was held that this allegation was not sufficient to authorize a recovery for loss of time. In Lexington R. Co. v. Britton, supra, in speaking of loss of time and medical treatment as items of damage, the court said [130 Ky. 676, 114 S. W. 297]:

''In any event, the pleadings should be in such condition as to inform the defendant of the amount

claimed, and thus give it an opportunity either to admit or deny the averments concerning such items of damage.''

In view of these authorities it is apparent that prejudicial error was committed in permitting the jury to award damages for loss of time.

We find that one case, Plummer v. Chesapeake & O. R. Co., 143 Ky. 102, 136 S. W. 162, without discussion and without reference to the previously decided cases, apparently announced a contrary conclusion. In that case the petition alleged that the plaintiff had been disabled and prevented from working for the space of one year and was still disabled. This was held to justify a submission on loss of time although recovery of no particular amount was sought on this account. This case, being out of harmony with previously and subsequently decided cases, is overruled to the extent that it is in conflict therewith as herein indicated.

Numerous other claimed errors in the instruction are argued but as the judgment must be reversed for the reason indicated we feel that it is unnecessary to discuss them. Instead of entering into such further discussion we suggest that if the petition is amended in such manner as to justify a submission on loss of time an instruction be given on the next trial in substantially the form of instructions approved by this court, many of which are to be found in the decided cases and some of which are contained in Stanley on Instructions, Chap. 27, with comments thereon.

Another complaint made is that at the conclusion of the testimony of appellee's husband he was asked the question:

"Is this a trumped up case? Have you told the truth about it, or is it a trumped up case against Mrs. Coleman"

and was permitted over appellant's objection to answer:

"It is all the truth.''

This question was clearly incompetent and improper but we do not regard it as sufficiently prejudicial to require a reversal. On the next trial, however, questions of this character should be omitted.

Also called in question is the trial court's action in admitting evidence that the appellee holloed, or cried

out, at the time the bullet struck her. Evidence of this character is clearly competent. An outcry by a person shot is admissible as a part of the res gestae, said the court in Norfleet v. Com., 33 S. W. 938, 17 Ky. Law Rep. 1137.

For the reason indicated the judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.

Whole Court sitting.