### FANNIN v. LEWIS.

Court of Appeals of Kentucky.
Oct. 26, 1951.

A. W. Mann, W. B. Arthur, Ashland, for appellant.

H. R. Wilhoit, Grayson, Virgil Redwine, Sandy Hook, for appellee.

CAMMACK, Chief Justice.

Vance Lewis, age 10, was injured when an automobile in which he was riding and which was being driven by Cecil Fannin, Jr., turned over on a gravel highway just out of Sandy Hook. The court directed the jury to find for the boy and they returned a verdict of $3,000 in his favor. We are asked to reverse the judgment on the grounds that (1) the court should not have instructed the jury peremptorily to find for the plaintiff; and (2) counsel for the plaintiff committed reversible error by injecting the insurance question into the case in his closing argument.

As Fannin was going into Sandy Hook from his farm, in his 1941 Pontiac, he picked up his sister and her husband and his nephew, the plaintiff, and a man by the name of Manning. As Fannin was returning with his passengers along a straight stretch of gravel road, which had a gradual descent, his car left the highway and turned over, thereby injuring the plaintiff. The only conflict in the evidence related to the speed of the car and as to whether any of the occupants protested to Fannin in regard to the speed. He said he was driving around 40 to 45 miles an hour, and, when

asked the cause of the accident, his answer was: "I would say the tie rod or the gravel." Other occupants of the car said he was driving around 55 miles an hour. Fannin said also that his sister asked him to slow down.

■ While it is true that there was some conflict in the evidence as to the speed of the car, it was not such a question as would warrant the submission of the case to the jury. Fannin's estimate of the speed of the car at from 40 to 45 miles an hour could be taken at its face value just as it could be taken at its face value had he said that the car was going 30 miles an hour. The crux of the case is that, as the car was being driven along an unobstructed highway, without the showing of any intervening cause, it left the highway, thereby causing injury to the plaintiff. Therefore, it was incumbent upon Fannin to explain away the accident if he sought to avoid liability for the injury to the plaintiff. Geller v. Geller, 314 Ky. 291, 234 S.W.2d 974; Schechter v. Hann, 305 Ky. 794, 205 S.W.2d 690. This he did not do.

■ It is apparent from the record that in his closing argument to the jury counsel for Fannin emphasized the fact that Vance Lewis was suing his uncle. Opposing counsel stated in his argument that he was not trying to take money away from Cecil Fannin, Jr., or to break him up. In response to a motion to set aside the swearing of the jury the judge told the jury not to consider "who it will break up or whether it will break up Cecil Fannin or which other." The bill of exceptions shows the objections to the argument were overruled by the judge because the argument was made in response to argument made by counsel for Fannin. Under the circumstances, we are not prepared to say that the argument of counsel for appellee was so prejudicial as to warrant a reversal of the case. Frequently we have criticized the injection of the insurance question into a case. We agree with the trial judge that the remarks of counsel for Fannin, to which objection was made, invited the statements made by counsel for the appellee.

Judgment affirmed.