**GASSAWAY CONST. CO. et al.**

**v.**

**GENTRY (two cases).**

Court of Appeals of Kentucky.

Feb. 5, 1954.

J. Basil Preston, Glasgow, for appellants.

Brents, Dickinson, Jr., Glasgow, for appellees, M. L. Gentry and Artie Bacon Gentry.

WADDILL, Commissioner.

This appeal is from a judgment entered in these consolidated actions upon a jury's verdict awarding appellees, M. L. Gentry, $6,000, and his wife, Artie B. Gentry, $3,500. The judgment must be reversed, and the award made to each appellee set aside, because the court erroneously instructed the jury concerning the damages recoverable by appellees from the appellants.

The actions arose out of a collision which occurred on June 21, 1952, when the truck owned by the appellant, Gassaway Construction Company, being driven by its servant and co-appellant, J. E. Runyon, collided head-on with a truck owned and operated by appellee, M. L. Gentry, on the highway between Glasgow and Burksville. As a result thereof, Mr. Gentry's truck was demolished, and he and his wife, who was a passenger in his truck, sustained personal injuries. Separate suits, which were consolidated for trial, were filed by Mr. and Mrs. Gentry against the Gassaway Construction Company and its servant, Runyon.

In Mr. Gentry's suit, the error, which was apparently inadvertently committed by the court in submitting the case to the jury, appears in instruction number 3, wherein the court authorized the jury to award Mr. Gentry damages in a sum not to exceed $10,000 for " * * * time which he has lost, * * * as the direct and proximate result of said injury, * * " when the allegation of Mr. Gentry's petition only sought $1,200 on this special item of damage. The court repeated this error in the same instruction by including this erroneous figure of $10,000 in the aggregate amount of damages it permitted Gentry to recover. Under these circumstances we are constrained to hold the error prejudicial. Coe v. Adwell, Ky., 244 S.W.2d 737; Dowdy v. McGuire, 216 Ky. 374, 287 S.W. 948.

With regards to Mrs. Gentry's suit we find that the court committed error in instructing the jury. In submitting Mrs. Gentry's case to the jury, by instruction, number 2, the court instructed the jury that they would " * * * award her such further sum as will fairly and reasonably compensate her for any time she has lost * * * as the direct and proximate result of such injury, * * * not to exceed $10,000. * * *." While it is true there was some evidence on this theory of damage, such evidence was sparse and only indicated a temporary loss of time and failed to show any loss of specific earnings as a result of her injury. In the same instruction the court included the figure of $10,000 for "loss of time" in the total of $20,327. Thus the jury was permitted to consider these unsubstantiated sums of damage in making up its verdict. Therefore, we must hold that the instruction, as given, was prejudicially erroneous. All other questions reserved.

Judgment reversed, with directions to set aside the judgments of M. L. Gentry and Artie Bacon Gentry against the Gassaway Construction Company and J. E. Runyon.