848

GASSAWAY CONSTRUCTION COMPANY
et al., Appellants,

v.

Artie Bacon GENTRY, Appellee.

GASSAWAY CONSTRUCTION COMPANY
et al., Appellants,

v.

Artie Bacon GENTRY, Executrix of the Estate of M. L. Gentry, Deceased,
Appellee.

Court of Appeals of Kentucky.

March 18, 1955.

Rehearing Denied May 6, 1955.

J. Basil Preston, Glasgow, for appellants.

Brents Dickinson, Jr., Glasgow, for appellee.

CLAY, Commissioner.

This is the second appeal by the defendants in a case involving a head-on motor vehicle collision. A former judgment for plaintiffs was reversed because of error in the instructions with respect to the amount of damages allowable. Gassaway Construction Co. v. Gentry, Ky., 1954, 264 S.W. 2d 658. Upon a retrial plaintiffs again recovered substantial damages on their personal injury and property damage claims.

Defendants request reversal on several grounds. We will briefly state the facts and dispose of the arguments as we see them.

The accident occurred in broad daylight on the Glasgow-Burkesville highway. The driver of defendants' dump truck was proceeding westwardly and had just rounded a curve to his right. Plaintiffs' pickup truck was approaching from the opposite direction. Claiming that his right wheels struck a sudden dip in the north edge of the paved portion of the highway, defendants' driver lost control of his vehicle, swerved across the road, and struck plaintiffs' truck head-on. The plaintiffs' driver (now deceased) had pulled his truck partly

off his right hand side of the highway and had almost stopped when the collision took place.

■ It is the contention of defendants that the accident was caused by the negligence of the Department of Highways in not maintaining the roadway in proper condition, or it was caused by plaintiffs' driver in failing to get out of the way. Complaint is made that the trial court erred in striking out these defenses asserted by defendants in their answer. Whether or not the court should have stricken these defenses, they were available to defendants on the trial of the action and simply went to the question of whether or not the accident was caused by defendants' driver's negligence. This action of the trial court could not have been prejudicial since it did not affect defendants' right to present these defenses to the jury.

Defendants next contend they were entitled to a directed verdict. We are not advised on what ground this should have been done. As we read the record, if a verdict should have been directed for anyone, it should have been for plaintiffs. There is no evidence whatever that they were negligent.

■ Defendants next contend the trial court erred in refusing to give instructions offered by them. These instructions were in substance that the jury should find for defendants if it believed the accident was caused by the negligence of the Department of Highways or the negligence of the plaintiffs' driver in failing to get out of the way of defendants' truck when he observed it was going to run over him. There was no evidence in the case of negligence upon the part of the Department of Highways, and there was no evidence that the plaintiffs' driver had the last clear chance.

■ Defendants finally contend that the instructions given did not cover the whole law of the case because they did not present to the jury every possible cause of the collision which might exonerate the defendants. The court instructed on the duties of the defendants' driver and also gave an instruction on contributory negligence. These instructions authorized the jury to find for the plaintiffs only if the defendants' driver was negligent and the plaintiffs' driver was not. We believe they submitted the only real issues in the case. As above suggested, the trial court could properly have directed a verdict for the plaintiffs since there was practically no conflict in the evidence and it showed clearly that the accident was caused solely by the negligence of the defendants' driver.

The judgments are affirmed.