**Eddie LEE, Appellant,**

v.

**Shelby STAMPER, Appellee.**

**Eddie LEE, Appellant,**

v.

**Daniel L. LOCKARD, Appellee.**

Court of Appeals of Kentucky.

March 22, 1957.

Dissenting Opinion March 29, 1957.

Elwood Rosenbaum, Clay & Rosenbaum, Lexington, for appellant.

J. Douglas Graham, Campton, for appellees.

CLAY, Commissioner.

Appellees Lockard and Stamper recovered judgments against appellant Lee in the respective amounts of $2,500 and $4,000 for personal injuries sustained in an automobile accident.

Appellees were guests in appellant's automobile. Appellant drove across a bridge at about 40 miles an hour, passed an oncoming loaded hay truck on a sharp curve to the right, ran off the highway, traveled over 200 feet on the shoulder of the road, then swerved and struck an embankment on the left hand side.

At the trial appellees testified the truck was on its proper side and appellant did not leave the highway until after he had passed it. In pre-trial statements and depositions, appellees had given a dif-

ferent version of the accident. Their prior statements were to the effect that the truck had crowded appellant's automobile off the road and that he had exercised reasonable care in its operation. Appellant contends the testimony of appellees given at the trial is not worthy of belief and that he was entitled to a directed verdict because negligence was not proven.

█ The credibility of witnesses is primarily a question for the jury. Louisville & N. R. Co. v. Young's Adm'x, Ky., 253 S.W.2d 585. In some cases we have held a verdict to be flagrantly against the evidence where the probative value of a witness' testimony was devitalized by reason of evasions, contradictions and obvious untruths. Davis v. Bennett's Adm'r, 289 Ky. 516, 159 S.W.2d 39; Louisville Ry. Co. v. Prather, 290 Ky. 791, 162 S.W.2d 780. However, we are not prepared to say appellees' testimony was without probative value because of prior contradictory statements. Even if we should so decide, other evidence made a jury case. There is no dispute that appellant's automobile, not having collided with the truck, ran off the road, traveled several hundred feet, and then struck an enbankment on the opposite side. The admitted circumstances of the accident are of such a nature that it was encumbent on the driver to justify its occurrence by showing that it was caused by some other factor than his apparent negligence. See Fannin v. Lewis, Ky., 243 S.W.2d 60.

The only way appellant attempted to explain the cause of this accident was by his statement: "The truck was on my side of the road and I got over too far or something." He does not say that he failed to see the truck in time to apply his brakes or blow his horn, nor does he say he slowed down, nor does he explain in any manner why he lost control of his automobile or did not regain control of it while traveling several hundred feet down the highway. Considering all the evidence in the case, an issue of negligence was clearly present-

ed for the jury and the trial court properly declined to direct a verdict.

█ Our next question is one of pleading. It involves the requirements of CR 9.06 with respect to pleading special damages. This Rule provides: "When items of special damage are claimed, they shall be specifically stated."

Appellee Stamper's complaint recited that hospital and medical expenses were incurred, and loss of time resulted from injuries sustained in the accident. The respective *amounts* claimed for these special damages were not stated, there being an overall prayer for $10,000. Appellee Lockard's complaint alleged expenses in the amount of $500 for hospital and medical treatment, but while alleging loss of time, did not claim a specific amount therefor. The total sum prayed was $3,000.

The precise question presented is whether or not CR 9.06 requires a party not only to state the *nature* of his claimed special damages but also the *amount* thereof.

Under our former Civil Code we held that failure to plead the amount of special damages was a fatal defect. Lexington Ry. Co. v. Britton, 130 Ky. 676, 114 S.W. 295. Cogent reasons why the amount should be pleaded are pointed out in that opinion, and it would certainly be better practice to so plead. As a matter of fact, in the complaints before us, the failure to so specify the special damages apparently contributed to an error in the instructions, to be hereinafter discussed, which requires reversal of these judgments.

█ It is our view, however, that the Rules of Civil Procedure with respect to pleading such damages do not perpetuate the strict requirements of the Civil Code. The principal objective of a pleading is to give the opposing party fair notice of the essential nature of the claim presented and the type of relief to which the claimant deems himself entitled. See Clay, CR 8.01, Comment 2. The purpose of CR 9.06

is to require the pleader to advise the opposing party that special damages are being claimed and the nature of those damages. While the amount thereof must necessarily be proved to authorize recovery, itemization in the pleading is not essential. In many cases at the time suit is filed this sum may not be accurately determinable, and if it is of importance to the opposing party prior to trial it may be ascertained by a simple interrogatory under CR 33 or by other discovery procedure. We therefore decide that the failure to state the special damage amount in the pleading does not foreclose proof and recovery of such item.

We have been further influenced to reach this construction of CR 9.06 in view of the wording of official Form 8, which CR 84 designates as sufficient under the Rules. Unfortunately this Form is ambiguous, and while it contains a statement of the amount claimed as special damages, separate and apart from the overall demand, it does not specify particular amounts for particular items. In the light of considerations heretofore mentioned and since this Form may in some respects be misleading (it was substantially followed in the complaint of appellee Lockard), we construe CR 9.06 as not requiring the itemization by monetary amount of special damages claimed.

■ A related and perhaps more serious question is raised by the instructions. The trial court, following the general allegations of the complaints, did not separate the allowable items of special damage from the general damages. To this appellant specifically objected.

■■ It is well settled that instructions should be founded on the pleadings and the evidence. Ordinarily the pleadings raise the issue of damages and the evidence furnishes the basis of recovery. Crume-Hundley Oil Co. v. Bell, 243 Ky. 531, 49 S.W.2d 308. When we consider special damages, we find them in a separate category both from the standpoint of pleading and the standpoint of evidence.

■ The pleading of special damages as required by CR 9.06 clearly creates a distinct issue separate and apart from the issue of general damages. Under the evidence both the basis and limit of recovery are likewise separate and distinct. The limit of recovery for special damages is the maximum amount shown by the evidence (unless this amount exceeds that stated in the pleading). Consolidated Coach Corp. v. Hopkins, 228 Ky. 184, 14 S.W.2d 768, 771. See also Walton v. Grant, 302 Ky. 194, 194 S.W.2d 366; Sedlock v. Trosper, 307 Ky. 369, 211 S.W.2d 147, 13 A.L.R.2d 349; and Gassaway Construction Co. v. Gentry, Ky., 264 S.W.2d 658. In the present case, where the special damage amounts are not stated in the pleading, obviously the only limitation must be found in the evidence.

Since the pleadings make a distinct issue with respect to special damages and since the evidence fixes the maximum amount that may be awarded on this issue, both the parties and the jury are entitled to a specific instruction with respect thereto. Chesapeake & O. R. Co. v. Hay, 248 Ky. 69, 58 S.W.2d 228; Stanley's Instructions to Juries, Sections 314 and 316.

The instructions given did not separate the special and general damage items, and failed to limit the recovery of special damages to the amounts established by the evidence. We deem this to be prejudicial error.

A question is raised concerning the qualifications of a physician who testified concerning the permanency of appellee Stamper's injury. We do not pass upon this question as it will probably not be presented on another trial. The same is true with respect to the manner in which the jury viewed the scene.

■ Appellant contends the trial court improperly instructed the jury on the duty

of appellant to operate his automobile at a reasonable rate of speed, on the ground that speed was not shown to have been the proximate cause of the accident. In our view appellant's speed was one of the very vital factors in this accident's chain of causation. Surely the jury was properly instructed to consider it on the issue of both negligence and causation.

Considering the case as a whole, it is our opinion that appellant should be granted a new trial.

The judgments are reversed for consistent proceedings.

SIMS and BIRD, JJ., dissent insofar as the opinion declares that the amount of special damages need not be stated in a pleading.

SIMS, Judge (dissenting in part).

I am not in accord with that part of the majority opinion which holds the amount of special damages does not have to be specifically pleaded and will give my reasons in this dissent.

True, the Rules of Civil Procedure attempt to get away from the strict requirements of the Civil Code, but to my mind this does not mean the Civil Rules have eliminated all requirements of pleading a cause of action, or that a monkey may now prepare a complaint as well as a man.

The majority correctly say the purpose of CR 9.06 is to require the pleading to advise the opposite party that special damages are being claimed and the nature of such damages and that the amount thereof must be proved to authorize recovery. But, in my judgment, they are wrong when they say it is not necessary to itemize such special damages or to aver the amount thereof in the complaint. Under the Civil Rules, pleading and proof are still complementary one of the other, just as they were under the Civil Code of Practice.

Proof without pleading is no more availing than is pleading without proof. Both are necessary before there may be a recovery. Utterback's Adm'r v. Quick, 230 Ky. 333, 19 S.W.2d 980, 982. The majority reason that often the amount is not known at the time the complaint is filed, thus it cannot be incorporated in the pleading. The simple answer to that is, the pleader can always amend, even during the trial, to show the amount he seeks to recover.

The majority say if it is important to opposing party prior to trial to know the amount of damages sought, it may be ascertained by a simple interrogatory under CR 33, or by other discovery procedure. As I understand the Civil Rules, they require, as did the Civil Code, that plaintiff must state a cause of action in his complaint with such certainty that the opposing counsel may know what he has to defend. The defendant should not be required to go to the trouble and expense of ascertaining by interrogatories or by discovery the amount of specific damages plaintiff is seeking to recover of him, but the duty is on plaintiff to set them out with certainty in his complaint as he knows, or should know, what his special damages are.

Let us now turn to the simple provisions of our Civil Rules. It is provided in CR 9.06: "When items of special damage are claimed, they shall be specifically stated." Nothing could be clearer than that this Rule pointedly requires the pleader to state the nature of the special damage claimed and the amount thereof. By CR 8.01 a pleading is required to set forth "a demand for judgment for the relief to which he [the pleader] deems himself entitled." Unless the pleader states specifically the amount he deems himself entitled to recover, he has simply failed to make a proper demand for this special relief.

I am of the opinion that the decisions under our Civil Code on this question apply with full force under the Civil Rules. In

Lexington Ry. Co. v. Britton, 130 Ky. 676, 114 S.W. 295, on page 297, it is written:

"It is the well-settled rule in this state that special damages, such as loss of time and medical treatment, must be specially pleaded. If they are not specially pleaded, no recovery can be had for such items. If the pleading, then, is blank as to either one of these items, it is the same as if there were no plea of special damages. The defendant in this case might have been willing to admit doctors' bills in a small amount, but in case the petition sought to recover for a large sum under this item it might have desired to contest the same. In any event, the pleadings should be in such condition as to inform the defendant of the amount claimed, and thus give it an opportunity either to admit or deny the averments concerning such items of damage. The petition was therefore defective in this particular."

See also Montgomery v. Glasscock, Ky., 121 S.W. 668, and Coleman v. Daniel, 292 Ky. 553, 166 S.W.2d 978, 979.

Appellees argue that under our Civil Rules a pleading must be construed favorably to the pleader and technical forms are not required. Conceding these points, they do not justify noncompliance. Some misconceptions to the contrary, proper pleading is still required by our Rules. They should not be so liberally construed as to destroy definiteness in the statement of a claim or demand for relief. See Fleming v. Dierks Lumber & Coal Co., D.C., 39 F.Supp. 237. Aside from that, there is no question of construction or a technicality.

It is my opinion that failure to aver the amount of special damage prohibits the introduction of proof of same.

I am authorized to state that Judge BIRD joins in this dissent.