514

William J. SCHOENBAECHLER, Appellant,

v.

LOUISVILLE TAXICAB & TRANSFER COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Oct. 30, 1959.

Rudolph V. Binus, Louisville, for appellant.

A. Shelby Winstead, Louisville, for appellees.

CULLEN, Commissioner.

William J. Schoenbaechler, attempting to cross Preston Street, in Louisville, in the middle of a block, around 5:30 p. m. on a rainy March day, was struck by a taxicab of the Louisville Taxicab & Transfer Company, coming from his left, after he had taken two or three steps from the curb.

In his action for damages the jury returned a verdict for him in the amount of $7,500, but upon motion for judgment n. o. v. the trial court set aside the verdict and entered judgment dismissing the action. Schoenbaechler has appealed from that judgment.

The decision of the trial court granting judgment n. o. v. was based upon a determination that Schoenbaechler had made a "judicial admission" of his own contributory negligence. (The question of negligence of the taxi driver is not argued, the appellee apparently conceding that testimony of the appellant and a companion that the taxi had no lights, and that atmospheric conditions were such that the lights were required under KRS 189.030, was sufficient to create a jury issue as to the driver's negligence.) The only question we need to consider is the one of judicial admission of contributory negligence.

In a pre-trial deposition, Schoenbaechler testified that as he stood on the curb he first looked to the left, and saw no vehicle approaching, then looked to his right. He saw several vehicles approaching from the right and he waited until they had passed, then looked to his *right* again, and then stepped into the street. After taking two or three steps into the street he saw the taxi only about eight feet away. In response to specific questions, he said that he did not look to the left after the cars coming from his right had passed by, and that three or four cars coming from his right passed by during the interval of time between his looking to the left and his stepping into the street. On this testimony, reasonable minds could reach no other conclusion than that he failed to exercise the care required of him by KRS 189.570(4)(a) in crossing a heavily traveled street, during a rush hour, between intersections and where there was no marked crosswalk.

On the *trial*, Schoenbaechler testified that he *did* look to his left after the cars coming from his right had passed by, and immediately before stepping into the street. (He attributed his failure to see the taxi

to its failure to have lights.) When asked concerning the statements made in his deposition, he at first persisted in merely repeating his present statement that he did look to his left just before stepping off the curb. The court told him several times that he must answer the questions, as to whether he did make the answers being read from the deposition, either "Yes" or "No," but that he could "explain it any way you want to." Eventually, Schoenbaechler denied making the answer shown in the deposition. However, later in the trial, his attorney stipulated that he did make the answers as shown.

The situation then is one where the plaintiff, in a pre-trial deposition (which could be used as substantive evidence against him, CR 26.04) gave testimony, as to facts peculiarly within his own knowledge, which clearly established contributory negligence on his part; and then, on the trial, although stipulating that he gave such testimony, attempted to refute his previous sworn testimony without any excuse or explanation. The trial court made clear to him that he could explain the change in his story, but the plaintiff did not offer any explanation to the effect that he was confused, did not understand the questions, said "north" when he meant "south," or otherwise. The questions on the deposition were clear and the answers were unequivocal, so as not of themselves to suggest any cause for confusion or misunderstanding. Nor do the circumstances and conditions of the case give rise to any probability of error in the answers given in the deposition.

It is our opinion that the situation here embodies all of the elements required to charge a party with a "judicial admission." Bell v. Harmon, Ky., 284 S.W.2d 812; Halbert v. Lange, 313 Ky. 648, 233 S.W.2d 278; Louisville R. Co. v. Prather, 290 Ky. 791, 162 S.W.2d 780; Sutherland v. Davis, 286 Ky. 743, 151 S.W.2d 1021; Steele v. Kansas City Southern R. Co., 265 Mo. 97, 175 S.W. 177, 181. As said in

the latter case, "No litigant in his own sole case ought to be heard by a court, without some explanation or excuse, to deny to-day what he solemnly swore was true on yesterday."

The judgment is affirmed.