**Clyde M. BAKER, Appellant,**

**v.**

**Nettie Howard COX et al., Appellees.**

Court of Appeals of Kentucky.

May 15, 1970.

mother of Roger Neagle and owned the car driven by him. The Neagles asserted a counterclaim against Baker, Roger for personal injuries and Eudora for the damage to her car. A jury found that Baker and Nettie Cox were "equally at fault" and awarded damages to the Neagles. Baker's appeal is from the judgment entered in accordance with that verdict.

Roger Neagle also appealed from the judgment, apparently because the verdict had awarded him only $250, the amount of his medical expenses, but subsequently a settlement was made and an order was entered by which the claims of the Neagles were "dismissed settled with prejudice." Insofar as Baker's interest was concerned, this settlement was made by his insurance carrier, and he was not a party to it, but in any event it resulted in what is tantamount to a withdrawal of the counterclaim, so we are now concerned only with Baker's claim or claims for recovery against the Neagles and Mrs. Cox.

Baker was traveling north on a two-lane blacktop highway, followed by Neagle. Mrs. Cox was driving in the opposite direction. The accident took place at about 11:30 in the morning. It had been raining and the rain had turned to a heavy snowfall. The pavement was slick. It was not marked by a center stripe.

Morris Butler, Greensburg, Sutton & Forcht, Corbin, for appellant.

Robert B. Hensley, Elizabethtown, Robert M. Spragens, Lebanon, for appellees.

PALMORE, Judge.

The appellant, Clyde Baker, brought this action against the appellees, Nettie Cox, Roger Neagle, and Eudora Neagle, for personal injuries and property damages sustained in a three-car accident involving automobiles operated by Baker, Nettie Cox, and Roger Neagle. Eudora Neagle is the

Baker's version is that as he came over the crest of a hill at a moderate speed on his proper side of the road he saw Mrs. Cox's car coming toward him and it was "fishtailing," whereupon he turned to his right toward the ditch to avoid a collision, but the rear portion of the Cox vehicle slid or swung over into his lane of travel and struck his car broadside, the points of contact being the left front headlight and fender of the Baker car and the left front door of the Cox car. Immediately thereafter the Baker car was struck from the rear by the Neagle car.

Baker's testimony was substantially corroborated by Neagle and a passenger in his

automobile. According to them, the Cox vehicle sideswiped the Neagle car after striking Baker's car. (Neagle's testimony is not altogether clear as to which of the northbound cars was hit first by the Cox vehicle, but he places the Baker car in its proper lane.) It is undisputed that all three cars came to rest in the northbound traffic lane, Baker's front end being partially off the pavement.

Mrs. Cox testified that her car was not sliding or swerving and was on her right side of the road at all times until its collision with Baker's car, which she describes as having resulted from Baker's being first bumped in the rear by Neagle and thus knocked into her car. She was initially called as a witness by Baker under cross-examination, and on this appearance she stated unequivocally that Baker was on his own side of the road until struck by Neagle. Later, however, when she testified in chief in her own behalf, she said the Baker car was partially across the center of the road in her lane of travel before it was struck by the Neagle car. This was corroborated by her husband and brother-in-law, who were passengers in her car. In both instances she said that she and Baker would have met and passed safely had the Baker car not been struck by Neagle. In her last appearance she testified that she was having to move to the right in order to get out of Baker's way when he was struck and knocked farther into her traffic lane by Neagle.

■ Baker contends that Neagle and Mrs. Cox both made "judicial admissions" which entitled him to a directed verdict against each of them. Cf. Bell v. Harmon, Ky., 284 S.W.2d 812 (1955); Schoenbaechler v. Louisville Taxicab & Transfer Co., Ky., 328 S.W.2d 514 (1959). With respect to the counterclaim of the Neagles, this argument may have been meritorious, but the subsequent settlement removed the counterclaim from the case. It would be a useless gesture to reverse the judgment on a counterclaim that is no longer being asserted. Baker's claims against the Neagles and Mrs. Cox are in a different posture. An admission by Neagle that Baker was *not* negligent would not constitute an admission that Neagle *was* negligent. Likewise, an admission by Mrs. Cox that Baker was not negligent would not constitute an admission that Mrs. Cox was negligent. Since Baker's recovery depended on the negligence of one or both of these defendants, and neither having admitted his own negligence, he could not have a directed verdict solely on the basis of their admissions.

■ If Mrs. Cox's testimony tending to exculpate Baker actually had constituted a so-called "judicial admission" of nonnegligence on Baker's part, we think it might have been incorrect for the trial court to instruct on Baker's negligence. However, by-passing the technical questions of whether an appropriate objection was made and whether that point is sufficiently raised on this appeal, we are of the opinion that her testimony, having been first contradicted by herself and then by the other witnesses in her behalf, cannot be treated as a conclusive admission. See Sutherland v. Davis, 286 Ky. 743, 151 S.W.2d 1021, 1024 (1941), in which the various considerations bearing upon the conclusiveness of a testimonial admission are enumerated, and Elpers v. Kimbel, Ky., 366 S.W.2d 157, 162–164 (1963), in which the whole question is reviewed at length.

■ Pursuing the subject a further and final step, we are not at all sure that an absolute and categorical admission by one of two alleged tortfeasor defendants that the facts of the case were such that the plaintiff was not negligent can be conclusive if there is other evidence (as, in this case, the testimony of Mrs. Cox's passengers) to the contrary. But in any event, since the verdict absolved Neagle of negligence it is immaterial *to Baker's claim against him* that he may have admitted Baker's nonnegligence, and any error in in-

structing as to Baker's negligence was cured by the verdict clearing Neagle.

The judgment is affirmed.

All concur.